KENNETH SIERENS et al., d/b/a MINERAL ELEVATOR COMPANY, Plaintiffs-Appellants, v. EDWIN CLAUSEN, Defendant-Appellee.

(No. 74-26;

Third District—July 31, 1974.

*Rehearing denied September 9, 1974.*

Kent A. Rathbun, of Hedrich & Rathbun, of Princeton, for appellant.

Richard R. Hornbaker and R. K. Rainey, of Princeton, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Bureau County (striking the complaint of Kenneth Sierens and James Thompson, a partnership doing business as Mineral Elevator Company) dismissing an action against defendant Edwin Clausen. The action was instituted for breach of two oral contracts for the sale of soybeans.

Mineral Elevator Company is a grain elevator. Edwin Clausen is a farmer. The single issue presented on appeal is whether the trial court correctly determined that the applicable Statute of Frauds (which is contained in the sales article of the Illinois Uniform Commercial Code, Ill. Rev. Stat. 1971, ch. 26, § 2—201) constitutes a bar to the action of plaintiffs. The pertinent portions of section 2—201 read as follows:

"(1) Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it had reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received."

Appellants take the position that both defendant and appellants are "merchants" and that appellants as sellers had confirmed the oral contract in writing and that Clausen had not tendered a written timely objection or notice, and that, therefore, the agreement was binding according to section 2—201(2) even though it was an oral contract. Obviously, if Clausen is not a "merchant" then section 2—201(2) by its terms would not be applicable. The issue, therefore, is whether within the contemplation of the section, Clausen was a "merchant."

We note that under Illinois Uniform Commercial Code section 2—104(1) appears the following:

" 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary

who by his occupation holds himself out as having such knowledge or skill."

A further section § 2—104(3)) of the same Uniform Commercial Code provides:

"'Between merchants' means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants."

In the amended complaint before us, plaintiffs allege that defendant was a farmer, "a grower and seller of farm commodities" and "familiar with" the practices, customs and usages of the grain business and commodities market. There is no specific allegation that defendant was a "merchant." In *Oloffson v. Coomer*, 11 Ill.App.3d 918, 296 N.E.2d 871 (3d Dist. 1973), we recently considered an action between a grain merchandiser to whom a farmer had agreed to sell and deliver grain where an agreement had been repudiated and where there was an issue of whether the farmer was a "merchant." In that case, in the context of determining certain rights and duties adhering to the respective parties, depending upon whether one or the other was a merchant, we said:

"Oloffson was a grain dealer. Coomer was a farmer. Oloffson was in the business of merchandising grain. Consequently, he was a 'merchant' within the meaning of section 2—104 of the Uniform Commercial Code. (Ill. Rev. Stat. 1969, ch. 26, § 2—104). Coomer, however, was simply in the business of growing rather than merchandising grain. He, therefore, was not a 'merchant' with respect to the merchandising of grain." 11 Ill.App.3d at 920.

■■ We concluded in *Oloffson* and we reiterate in the instant case that a farmer who is in the business merely of growing rather than merchandising grain, or a person described in the language of plaintiffs' complaint, is not a "merchant" *with respect to the merchandising of grain.* Nothing contained in this decision, however, is intended to determine the question of whether, with respect to other activities, such person might be a "merchant." Even though we agree with plaintiffs' assertion, consistently with the language of the Uniform Commercial Code comment, section 2—104, that a person may be a merchant with respect to some transactions and not others, we simply determine that a person described as he is in plaintiffs' complaint is not a merchant with respect to the merchandising of grain.

■■ The issue in the case before us arises on the question of merchandising of grain. Obviously, the defendant, as described in the complaint before us, was a casual seller (see Ill. Rev. Stat. 1971, ch. 26, § 2—104, Uniform Commercial Code comment). We, therefore, conclude that the oral contracts in issue in this case were not governed by the exception

set forth in section 2—201(2). Consequently, in accordance with section 2—201(1) we conclude that the contracts were unenforceable since they were simply oral contracts. The words set forth in section 2—104(3) of the Uniform Commercial Code in defining the words "between merchants" simply describe transactions between parties where each is a "merchant" and do not require the characterization of a farmer as a merchant.

A decision to the contrary, which would classify a farmer, simply described as he is in the complaint before us, as a "merchant," in requiring an inquiry to the extent of the person's knowledge or skill with respect to the particular practice in a particular transaction on the simple allegation that he is a grain farmer, would be potentially disruptive to farm transactions. In *Ozier v. Haines*, 411 Ill. 160, 103 N.E.2d 485 (1952), which was decided prior to the adoption of the Uniform Commercial Code in Illinois and was based on facts similar to those before us in the instant case, the Statute of Frauds was determined to be a defense in that action where the vendor failed to deliver. The rule which we have enunciated is easily adhered to by grain merchants, since, without entertaining any question as to necessity, they can prepare all of their contracts in writing with farmers for the purchase of a farmer's grain. The conclusion as set forth in this case is clearly preferable, more logical, and more likely to make uniform the interpretation of the Uniform Commercial Code among the various jurisdictions which have adopted the Code. Ill. Rev. Stat. 1971, ch. 26, § 1—102(2).

*Cook Grains v. Fallis* (1965), 239 Ark. 962, 395 S.W.2d 555, involved the same ultimate issue of whether a farmer was a merchant within section 2—104(1) of the Uniform Commercial Code. The Arkansas court came to the same conclusion as is expressed in this opinion. While our decision is made independently of the Arkansas case, it is cited for the purpose of showing a consistent interpretation.

For the reasons set forth, the judgment of the Circuit Court of Bureau County is affirmed.

Affirmed.

SCOTT, P. J., and DIXON, J., concur.