DONALD O. OLSON *v*. STATE OF INDIANA.

[No. 974S174. Filed September 5, 1974.]

*William G. Smock,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen M. Sherman,* Deputy Attorney General, for appellee.

## ON PETITION TO TRANSFER

DeBruler, J.—Donald Olson was convicted of theft of property over $100.00 (IC 1971, 35-17-5-3, being Burns § 10-

3030, and IC 1971, 35-17-5-13, being Burns § 10-3040) after a trial by jury in the Vigo Circuit Court, C. Joseph Anderson presiding. He appealed his conviction to the Court of Appeals, First District contending that the court erred in giving certain instructions to the jury and also that hearsay evidence was erroneously admitted in the course of the prosecutor's case-in-chief. The First District affirmed his conviction in an opinion found at 304 N.E.2d 830.

Olson has now filed his petition to transfer in this Court in which he urges the admission of hearsay evidence as his sole ground for transfer and reversal. The petition is granted and we reverse and remand for a new trial.

The evidence of theft produced by the State was circumstantial in nature. It showed that on January 10, 1972, Howard Potter took his new Pontiac to the Adams Pontiac Service Center in Terre Haute, Indiana, for some adjustments. Both Potter and the owner of the dealership testified that when he returned to pick up his car later in the day it was gone.

Charles McGee testified that he lived in Terre Haute and that in the early hours of the morning of January 10, 1972, he discovered that the license plate to his car (84 C 3682) had been taken sometime between the hours of 4:00 p.m. and midnight that evening. At the close of McGee's evidence the petitioner moved the court to strike his testimony on the grounds that his name had not appeared on the list of witnesses furnished to him by the prosecutor. The trial court granted the motion, struck McGee's testimony and instructed the jury to disregard it in its deliberation.

A subsequent State witness, however, testified that he was a Terre Haute detective and identified a certain form as one used by the Terre Haute Police Department for the reception of complaints by telephone. The exhibit, No. 4-A, was admitted into evidence over petitioner's objections that it was hearsay in nature. Exhibit 4-A revealed that at 12:20 a.m.

on January 11, 1972, Officer Polifroni of the Terre Haute Police Department received a telephone complaint from a Mr. Charles McGee stating that his license plate (84 C 3682) had been lost or stolen sometime between the hours of 4:00 p.m. and midnight on January 10, 1972.

The remainder of the State's case consisted of testimony from two witnesses placing petitioner in and around the Terre Haute area between the 1st and 7th of January, and several depositions from St. Petersburg, Florida Police officers. These depositions revealed that on the 1st of March, 1972, petitioner was stopped for speeding in St. Petersburg. He attempted to flee the police officer but was quickly stopped and recaptured. It was subsequently learned that the car petitioner was driving at the time he was stopped was the car missing from the Adams Pontiac lot and that it had Indiana license plate number 84 C 3682 on it. Petitioner also told the police that he had not been in Indiana for several years.

The essence of petitioner's argument is that Exhibit 4-A, the complaint report, is hearsay evidence and his in-trial objection to it was erroneously overruled. Petitioner is correct in his contention that the exhibit falls within the definition of hearsay we adopted in *Harvey* v. *State* (1971), 256 Ind. 473, 269 N.E.2d 759, and other cases.

"Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out of court asserter." 256 Ind. at 476, quoting from *Wells* v. *State* (1970), 254 Ind. 608, 261 N.E.2d 865.

Here the complaint report is used to show that McGee had a certain numbered Indiana license plate lost or stolen from his residence in Terre Haute on the night of January 10, 1972. As such it is an out of court statement by McGee offered to show the truth of the matters asserted therein and resting upon the credibility of an out of court asserter. We do not believe that McGee

can be said to have been available for cross examination thus rendering the report non-hearsay in nature. As pointed out above McGee's entire testimony was struck by the trial court and as such must be disregarded by both the jury and ourselves in resolving any and all of the issues in this case.

The complaint report here also fails to meet the standards we adopted in *Wells* v. *State* (1970), 254 Ind. 608, 261 N.E.2d 865, for certain business records. In *Wells* we held that one of the requisites for the business records exception was:

"(3) The facts must have been within the first hand knowledge of someone whose business duty it was to observe and report the facts." 254 Ind. at 615.

Obviously the facts of the time and the place of the theft and number of the plate are not within the first hand knowledge of Officer Polifroni who received the telephone complaint.

We therefore hold that Exhibit 4-A was indeed hearsay in nature, that the out of court asserter was not available for cross examination on this point by petitioner and that the trial court's admission of the exhibit over petitioner's objections was error.

We turn next to the issue of whether the admission of this hearsay requires reversal. In *Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95, the Court held that where a fact, sought to be proved by erroneously admitted hearsay evidence was established by an abundance of other and independent evidence, the hearsay was harmless. In the case before us now, because of the thin nature of the State's case, the information elicited through the hearsay evidence cannot be held to be harmless error. Although there is direct non-hearsay evidence that when petitioner was stopped in St. Petersburg he was driving a car with the license number 84 C 3682 the only evidence which shows where that license plate was obtained and on what date was hearsay evidence. Since that evidence indicates that the license plate was

stolen in Terre Haute on the same night that the car was stolen in Terre Haute the admission of this hearsay evidence was harmful error.

The petition to transfer is granted and the case remanded for a new trial on the merits.

Givan and Prentice, JJ., concur; Arterburn, C.J. and Hunter, J., dissent without opinion.

NOTE.—Reported at 315 N.E.2d 697.