STATE OF INDIANA *v.* RON BUZA.

[No. 1-874A127. Filed March 31, 1975. Rehearing denied May 13, 1975. Transfer denied December 12, 1975.]

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellant.

*E. Alonzo Deckard, David H. Coleman, Lind, Deckard, O'Brien & Lawson,* of Danville, for appellee.

ROBERTSON, C.J.—This is an appeal by the State from an acquittal of defendant-appellee, Buza, on charges of first degree burglary.

We are asked to determine whether the trial court erred in granting Buza's motion to strike the State's second amended list of witnesses and in excluding from evidence State's exhibits offered under the business records exception to the hearsay rule.

We find no error and deny the appeal.

The facts relevant to this appeal are as follows:

Buza escaped from the Indiana Boys School on October 15, 1973 along with seven other students. He was apprehended the next morning and returned to the school. However, a mobile home had been broken into while Buza had been at large and some of the missing money was discovered in the detention unit at the school where all the students had been returned. Investigation by the school supervisor and the Indiana State Police resulted in a charge of first degree burglary being brought against Buza.

Buza's counsel filed a motion for production of the State's list of witnesses. The motion was granted on March 22, 1974 and the State supplied the list on March 26, 1974. Two days later, the State amended the list. Finally in the late afternoon of the day before trial, the State filed a second amended list. Defense counsel was out of town at this time and did not receive the final list until the morning of the trial while the jury was being examined. Counsel moved to strike the second amended list. The court granted the motion, thus limiting the State to the witnesses listed before the final amendment.

On April 3, 1974, the State moved to continue trial in order to seek extraordinary relief in the Indiana Supreme Court. Trial was continued until April 4, 1974, for the purpose of such a hearing. The State asked that the trial judge be mandated to vacate his order sustaining Buza's motion to strike the State's second amended list of witnesses. Relief was denied and trial commenced on April 4, 1974.

At trial the State attempted to introduce into evidence the profile cards kept by the Boys School on every student held

in the detention unit. Buza made an objection to such evidence as being hearsay and the trial court sustained the objection and excluded the cards.

The jury returned a verdict of not guilty on April 5, 1974 and the State brings this appeal.

The first issue we are asked to determine is whether the trial court granted the proper remedy for the State's failure to comply with an order to produce a complete list of witnesses.

The State contends that the sole and exclusive remedy available in such a situation is the granting of a continuance. The State correctly points out that the cases have generally held the proper course of action for a defendant in such a case is to move for a continuance. *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60; *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738.

However, we do not believe that a continuance was meant to be the *only* remedy available in *every* case where the prosecution attempts to call a surprise witness.

In *Johns* v. *State, supra,* the supreme court stated:

"There is no doubt that appellant, by failing to move for a continuance when the witnesses were called, failed to pursue his proper remedy." 240 N.E.2d at 65.

However, in spite of defendant's failure to move for a continuance the court went on to hold that the trial court had committed reversible error in allowing four additional witnesses to testify over defendant's objection.

In *Olson* v. *State* (1974), 262 Ind. 329, 315 N.E.2d 697, a witness who was not on the prosecution's list was allowed to testify. At the close of his testimony, however, the court struck his testimony and admonished the jury to disregard it. While the propriety of the court's action in this regard was not challenged on appeal, the Supreme Court noted that an exhibit based upon that witness's testimony had been allowed to remain when it should also have been excluded and, therefore, reversed.

In the case at bar, Buza had requested and was granted an order to disclose the State's witnesses. The original list was given on March 26, 1974 and was amended on March 28, 1974 to add four new witnesses. On the morning of trial the State submitted a second amended list with six additional witnesses. This action was met by defendant seeking a motion to strike. The court, after hearing comments from both sides, stated:

> "Well, of course, we have the jury here and, as you know, our court calendar is crowded. I just can't—This matter has been on file since December the sixth of last year, and I can't imagine the State waiting until three or three-thirty the day before trial, when the defendant's attorney is out of town, to file an amended list of witnesses. . . ."

Based on the record presented, the court granted defendant's motion to strike because the State by its action, had not only misled the defendant but had wasted court time without justification by disobeying the order to disclose.

It is true a continuance is the remedy most often granted since normally the defendant would not be denied the due process if the case were continued. However, the trial court is granted broad discretion in control of proceedings, and its decision can not be challenged unless that discretion is clearly abused. To restrict the court's discretion by requiring it to grant a continuance in every situation would remove from the court that flexibility needed in particular cases. In most cases, the proper remedy is to grant a continuance, but where the circumstances of an individual case bespeak of stronger action, the court is not limited in its remedy. The court did not abuse its discretion, by granting Buza's motion to strike.

The second issue raised concerns the exclusion of evidence. During the course of trial, the State sought to introduce the profile cards of several students of the Boys School. The cards were offered into evidence for the limited purpose of showing which students were out of the school at the time the burglary occurred and which had returned.

We are of the opinion that the exclusion of these cards was harmless error. The State had already established through the testimony of two State's witnesses, that Buza was outside of the school at the time the burglary occurred.

Finding no error on the part of the trial court, the appeal is denied.

Appeal denied.

Lowdermilk and Lybrook, JJ., concur.