I.H. *v.* J.T.

[No. 1-375A60. Filed July 3, 1975. Rehearing denied August 12, 1975. Transfer denied December 30, 1975.]

*Ronald Warrum,* of Evansville, for appellant.

*William C. Welborn, Jr.,* of Evansville, for appellee.

ROBERTSON, C.J.—The plaintiff-appellant's sole issue in this appeal is that the trial court's finding of nonpaternity is contrary to law.

We affirm.

A review of the testimony favorable to the defendant-appellee shows that the plaintiff testified that she and the defendant had sexual relations three times during February of 1973. She further testified about her subsequent pregnancy and the birth of a baby on November 16, 1973.

The defendant testified he had, in fact, had sexual relations with the plaintiff but denied any such conduct from November, 1972 through November, 1973. He also testified as to her use of birth control pills in late 1972 and that she had been seeing another man during the period of conception.

The plaintiff argues that the evidence is without conflict, therefore, the judgment is contrary to law. We believe that argument to be negated by the following quote from the paternity case of *Wyner* v. *Ellis* (1965), 136 Ind. App. 696, 204 N.E.2d 662:

> "Under the assignment . . . that the decision is contrary to law we must consider whether or not the evidence plus all reasonable inferences to be deduced therefrom would lead to a conclusion contrary to that of the trial court." 204 N.E.2d at 665; *See also, Calvert* v. *London* (1965), 137 Ind. App. 595, 210 N.E.2d 376.

Since there was evidence from which the trier of fact could find or infer that the defendant did not have intercourse with the plaintiff during February, 1973, and that she may have been seeing another man during the same time, we cannot say, as a matter of law, that a conclusion contrary to the trial court's judgment is required.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 330 N.E.2d 140.