LAWRENCE EDWARD BUTLER *v.* STATE OF INDIANA

[No. 1-977A221. Filed February 8, 1978.]

*Dean H. Neeriemer* of Washington, for appellant.

*Theodore L. Sendak*, Attorney General, *Jane M. Gootee*, Deputy Attorney General, for appellee.

LYBROOK, J. — Lawrence Edward Butler (Butler), appellant, appeals his conviction by jury of Speeding[1] and Driving Under the Influence.[2]

## STATEMENT OF THE CASE

The appellant was charged by information with Speeding and Driving Under the Influence of Intoxicating Liquor. A verdict of guilty on both charges resulted and the jury imposed a fine of $50 for the speeding conviction plus a fine of $250 and 30 days imprisonment for Driving Under the Influence.

## FACTS

At approximately 8:00 p.m. on June 19, 1976, Indiana State Troopers Ron Thomas (Thomas) and Tom Cox (Cox) were checking traffic speed by radar on road U.S. 50. The appellant sped past Thomas and Cox causing a radar reading of ninety-six miles per hour. While the officers pursued Butler, he was clocked by the police car speedometer at between seventy-five and eighty miles per hour. After stopping the appellant, Trooper Cox noticed that Butler slurred his words, smelled of alcohol, and was unstable and staggering. Cox advised Butler that he was under arrest and would be required to undergo a chemical breath test. The appellant was taken to the Bedford police station where Mark Duncan (Duncan), a certified breath device operator, administered the test to Butler. The test resulted in a reading of .20 per cent blood alcohol.

1. IC 1971, § 9-4-1-57 (Burns Code Ed.).

2. IC 1971, § 9-4-1-54(b) (Burns Code Ed.).

Defendant was advised of his constitutional rights after which Butler stated he understood them and signed a waiver of rights form. Butler was then asked to perform a series of dexterity tests such as touching his nose and walking a straight line. According to Trooper Cox, Butler had difficulty performing these acts.

## ISSUES

The defendant raises several allegations of error. However, since we reverse as to one issue we will address that issue only, to-wit:

Whether the trial court erred in allowing testimony, over defendant's objection, of witnesses not listed by the State contrary to the trial court's pretrial order.

## DISCUSSION

The trial court sent notice of a pretrial conference to be held on March 1, 1977, to the defendant's counsel and to the Deputy Prosecuting Attorney. According to the notice, the purpose of the conference was for the production of lists of witnesses, lists of items to be introduced, proposed stipulations of fact, and motions, known at that time, to be made before or during trial. This order was not complied with by either party. Defendant argues that since he had no witnesses he was not required to respond and therefore was not in violation of the court's order. Defendant contends that the court should have either sustained his objection to any references to State's witnesses not listed, or granted his motion for a continuance. The State agrees that although a continuance would have been proper, the trial court did not abuse its discretion in denying such a motion.

The techniques of discovery embodied within the civil rules of discovery are often applicable in criminal proceedings, and the trial court has the inherent power to implement such discovery techniques as are necessary to provide the defendant a full and fair hearing. The guiding principle to be followed by trial courts in dealing with criminal discovery was stated in *Bernard v. State* (1967), 248 Ind. 688, 230 N.E.2d 536. That case spoke to the error in denying the defendant's request for a list of witnesses from the State:

"It is self-evident that a list of witnesses would have been beneficial in the preparation of appellant's case. We do not require that the State lay bare its case in advance of trial nor that the criminal defendant be allowed a fishing expedition, however these objections do not arise when a list of witnesses is requested *and the state fails to show a paramount interest in non-disclosure.*" (Emphasis added.) 248 Ind. at 692, 230 N.E.2d at 540.

The purpose of the *Bernard* doctrine is to insure justice and fairness in criminal proceedings; an accused is not justly and fairly tried when "his counsel is compelled to maneuver in a factual vacuum." *Johns v. State* (1968), 251 Ind. 172, 240 N.E.2d 60. Nor is justice and fairness supported when convictions are obtained through surprise, or by the prosecution's misleading the defense. *Johns, supra.*

When a trial court is requested by a defendant in a criminal proceeding to order the State to furnish the defendant with the names and addresses of those witnesses upon whom the State intends to rely in the prosecution of the case, such court has a clear duty to so order, unless the State establishes a paramount interest in non-disclosure. To constitute sufficient paramount interest, the State must show that disclosure of the identity of the witnesses would subject them to harassment, would endanger their physical well-being or the well-being of their family or friends, or would facilitate perjury. *Bernard v. State, supra.* The power of a trial court to order disclosure by the State of its witnesses is grounded in the inherent power of the trial court to guide and control the proceedings.

Most discovery cases that have come to this court for review have been those in which a defendant has been the party asking for discovery. However, in this case the trial court, *sua sponte*, affirmatively ordered discovery. Discovery may be provided for by statute, court rule or granted by the inherent power of the trial court. *State ex rel. Keller v. Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433, and cases cited therein. It is clear that had the defendant requested and been granted such discovery, he would have to pursue his rights diligently; if he failed to do so, he could not complain.

Usually, when a witness not listed on the state's list of witnesses is called upon to testify, the proper course for defendant to follow

is to move for a continuance. *Keel v. State* (1975), 165 Ind. App. 579, 333 N.E.2d 328; *State v. Buza* (1975), 163 Ind. App. 514, 324 N.E.2d 824; *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738. However, a continuance is not meant to be the only remedy available in every case where the prosecution attempts to call a surprise witness. To require the trial court to grant a continuance in every situation would remove necessary flexibility.

It is well-settled that a trial court must grant a continuance in order for counsel to have adequate time for preparation and investigation. It is equally well-settled that a motion for continuance based on nonstatutory grounds is in the trial court's discretion. Ind. Rules of Trial Procedure, Trial Rule 53.4; *White v. State* (1975), 263 Ind. 302, 330 N.E.2d 84; *Blevins v. State* (1973), 259 Ind. 618, 291 N.E.2d 84. In order to demonstrate an abuse of this discretion, the record must reveal that the defendant was prejudiced by the failure to grant the continuance. *King v. State* (1973), 260 Ind. 422, 296 N.E.2d 113. Thus, even with a showing of surprise, there must also be a showing that the defendant would be harmed by a denial of the continuance. *Napier v. State* (1971), 255 Ind. 638, 266 N.E.2d 199.

Unlike the case at bar, in *Johns, supra,* the appellant had filed and was granted a discovery motion requiring the disclosure of the state's witnesses. However, it is similar to the present case in other important respects. In *Johns*, the State had failed to list witnesses other than those listed on the indictment, thereby leading the defendant to conclude that the State intended to rely only on those witnesses listed on the indictment. So it is with the instant case. The defendant had a legitimate basis for relying on the state's information listing only Officer Cox as a witness. The State made no showing of inability to comply with the order or that disclosure would be adverse to the interests of the witnesses. On the contrary, the record reveals that the State simply failed to respond, apparently inadvertently. In *Johns*, the appellant failed to request a continuance; the court did not rule this to be a waiver when weighed against a blatant and deliberate disregard of a court order by the State. In *Gregory v. State* (1972), 259 Ind. 295, 286 N.E.2d 666, the Court stated that where there is no blatant disregard by the State

of a trial court's discovery order, the proper remedy is to ask for a continuance. However, timely objections must also be made. *Gregory v. State, supra; Dorsey v. State* (1976), 171 Ind. App. 408, 357 N.E.2d 280 (reh. den. Jan. 12, 1977). In *Gregory*, the defendant showed honest error which the prosecutor attempted to rectify three days before the trial. Finding no deliberate attempt to thwart discovery, the Indiana Supreme Court held that the remedy was to request a continuance.

Although the State in this case did not perhaps deliberately avoid compliance, the defendant *did* request a continuance. Moreover, the State and trial court agreed that a continuance was the proper remedy, but the trial court denied the motion stating that "both parties have a responsibility to get in touch with each other, and I don't feel the Court has any responsibility to ride herd on two professional people." Had defendant filed for discovery and failed to pursue his rights diligently, he would be placed in a completely different position. However, the trial court took it upon itself to order such discovery; therefore the trial court should see that the order is enforced. This does not mean that a court must police its records, but rather, that a sufficient remedy be provided when there is a failure to comply.

In sum, Indiana case law is clear that: (1) in the absence of a paramount interest in nondisclosure, the identity of the state's witnesses should be disclosed; (2) if the State fails to disclose its witnesses, the proper remedy — but not sole remedy — is a continuance; (3) if a defendant fails to move for a continuance, he will usually have waived any error, except where the State has blatantly and deliberately disregarded the court's order.

In the case at bar, the defendant properly requested a continuance when surprised by witnesses other than the one listed on the information as well as maintaining objections throughout the trial. Under the circumstances, we feel the defendant had a legitimate basis for relying upon the charging information, and therefore, was not required to question the State regarding compliance with the discovery order. A reasonable inference to be drawn from the failure to receive other names of witnesses is that

there are none. This inference is applicable to both the State and the defendant. Consequently, we do not agree with the State that the defendant was required to inform them that he had no witnesses; nor was it necessary to list the defendant as a witness since it is obvious that the subject of a criminal charge may or may not testify.

The defendant has not shown any deliberate attempt by the State to avoid the discovery ordered; therefore, the court would not be required to prevent the undisclosed witnesses from testifying.

It is at least incongruous to lead a defendant to believe that he has been afforded the right of discovery and then permit the State, in violation of an order of court, to present, during its case in chief, surprise witnesses whose testimony substantially added to the weight of the state's case. In the case at bar the "surprise witnesses" authenticated the radar unit, provided almost all the testimony to support the speeding conviction, provided the results of a chemical breath test and afforded the introduction of exhibits undisclosed to the defendant.

It appears that when such orders are complied with, justice and expediency are the victors. However, when a trial court undertakes such a practice, it also assumes the responsibility of compelling compliance. Certainly, if counsel is aware of such noncompliance, he should bring same to the court's attention, but failure to do so is not a waiver of his rights at trial.

In the instant case, the State was able to present its case as if there had been no pretrial order or, alternatively, as if the order had been complied with. The defendant was then forced to proceed, although he had properly requested a continuance, which was denied. Such circumstances result either in denying the defendant sufficient time for preparation of his case or in imposing upon the defendant the onerous burden of riding herd on the State to assure compliance. To allow such a practice to continue would deprive a defendant of the rudiments of a fair trial. Accordingly, we reverse and remand for a new trial.

Reversed and remanded for new trial.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE—Reported at 372 N.E.2d 190.