J.Y. *v.* D.A.

[No. 1-1177A272. Filed November 6, 1978.]

*Richard E. Federico, Federico & Federico,* of Hagerstown, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Michael Gene Worden,* Deputy Attorney General, for appellee.

LYBROOK, P.J. — J.Y., respondent-appellant, brings this appeal following entry of judgment finding him to be the father of a child born to D.A., petitioner, and further ordering Respondent to pay $20 per week as child support.

Respondent presents three issues for our review:

(1) Did the trial court abuse its discretion in rescinding its order imposing sanctions upon the plaintiff for her repeated failure to respond to Respondent's discovery attempts?

(2) Was the trial court prevented from entertaining a motion for rescission of sanctions at a pretrial conference by a local trial rule?

(3) Was sufficient evidence presented during the trial to support the findings of the trial court?

The facts most relevant to this appeal indicate that Petitioner, on December 8, 1975, initiated an action against Respondent to establish paternity and to obtain support for a child born out of wedlock. On January 14, 1976, Respondent answered denying the paternity, and on January 21, 1976, he filed interrogatories to be answered by Petitioner. On March 19, 1976, Respondent filed a motion for sanctions for failure to make discovery. On May 19, 1976, Respondent filed a motion to compel discovery. On May 21, 1976, the trial court ordered that Petitioner answer the interrogatories within 15 days. On June 8, 1976, Respondent filed a motion for sanctions pursuant to Ind. Rules of Procedure, Trial Rule 37(B)(3). On that same day the trial court entered a finding that Petitioner had been dilatory in responding to discovery, and that the sanction contained in TR. 37(B)(3) was proper; the court therefore

ordered that evidence upon the matters contained in the interrogatories would be refused at hearing or trial and that Petitioner was enjoined from introducing any such evidence. Notice of each of the above actions was properly sent to Petitioner, who continued to ignore the entire matter.

Over three months later, on September 23, 1976, Petitioner filed answers to Respondent's interrogatories. On January 12, 1977, at the pretrial conference, the trial court granted Petitioner's oral motion to rescind the sanctions. On January 26, 1977, Respondent filed a motion to reconsider the rescission of sanctions, and on June 24, 1977, the trial court denied Respondent's motion to reconsider. Trial was held on that date, and the above mentioned judgment was entered. Respondent then perfected this appeal.

## I.

The first issue for our consideration is the propriety of the trial court's action in rescinding the discovery sanctions and in subsequently admitting the previously excluded evidence at trial.

Apparently there are no Indiana cases dealing with the propriety of removing discovery sanctions once they are imposed. Our rules clearly provide that the imposition of sanctions is within the discretion of the trial court. TR. 37(B). Thus, in the absence of a dispositive rule to the contrary, we believe that the removal of sanctions is also a matter within the trial court's discretion. Respondent has failed to demonstrate that the trial court abused its discretion in this regard.

Furthermore, it is difficult to see how the proceedings at trial could have prejudiced Respondent. He received Petitioner's replies to his interrogatorie on September 23, 1976, and the trial was not until June 24, 1977. Thus Respondent had 274 days to investigate Petitioner's answers since first receiving them. We cannot but feel that diligent counsel should have done so.

Finally, Respondent failed to move for a continuance of the trial from its June 24, 1977 date. In Indiana the proper remedy for a party who has been denied the benefits of the discovery process is to move for a continuance of the hearing date. *Butler v. State* (1978), 175 Ind. App. 409, 372 N.E.2d 190. We hold that Respon-

dent's failure to seek a continuance operated as a waiver of his allegations of error concerning Petitioner's noncompliance with the order compelling discovery.

## II.

Respondent next alleges that the trial court committed reversible error when it granted Petitioner's motion to rescind sanctions at the pretrial conference, in view of a local court rule. Local Rule 8(H) of the Wayne Superior Court, dealing with pretrial conferences, reads as follows:

> "(H) The Court may entertain oral motions by counsel appearing at a pre-trial conference for Default or Dismissal, or the imposition of other sanctions, or the Court may on its own motion default or dismiss or impose other sanctions, for the failure of a party to appear for the pre-trial conference, or for failure to file timely Pre-Trial Statements. Such motions may be granted summarily and without notice or hearing."

Respondent argues that this language prohibits the making or granting of any motions at the pretrial conference other than the motions specifically mentioned in the rule.

We disagree with Respondent's interpretation of the rule. The rule, simply put, states that the court may pass upon certain motions at the pretrial conference; it does not state that the court is prohibited from ruling on other motions, nor does it prohibit the *making* of such motions at the pretrial conference. This court has before it only the rule as set out *supra*, and on its face that rule does not support Respondent's position; if, in fact, the Wayne Superior Court consistently applies this rule in accordance with Respondent's interpretation thereof it is incumbent upon the Respondent to demonstrate so on appeal. This he has failed to do; accordingly, we must accept the rule as written. We hold that the rule did not prevent the court's rescission of sanctions at the pretrial conference.

## III.

Respondent next alleges that the court had insufficient evidence before it to find that Respondent is the father of Petitioner's child. We disagree.

In determining the question whether there was sufficient evidence to support the trial court's judgment this court neither weighs the evidence nor judges the credibility of witnesses; rather, it is our ■ duty to review the record to determine whether there exists sufficient evidence, or reasonable inferences which can be drawn therefrom, from which the trier of fact could have found for the plaintiff. *Meadowlark Farms, Inc. v. Warken* (1978), 176 Ind. App. 437, 376 N.E.2d 122.

The basis of Respondent's argument is that Petitioner testified only to having "sexual relations" with Respondent, and that there is no evidence which shows that the parties had sexual intercourse. We hold that the record sufficiently supports the judgment. Respondent's attempt to differentiate "sexual intercourse" from "sexual relations" presents a semantic argument which is academic when one examines the trial transcript.

For example, Petitioner stated on direct examination:

"Q. During the time you dated [Respondent], did you ever have occasion to have sexual relations with him?

A. Yes, I did.

Q. When were those occasions?

A. There was once or twice toward the end of October and then November 1st and November 15th of '74.

> THE COURT: Excuse me. Toward the end of October?

A. Yes.

> THE COURT: And then when?

A. November 1st and November 15th.

\* \* \*

Q. During that month of November, '74 and the preceding two months, that would be the month of October and the month of September, 1974, did you have ever have sexual relations with any other men?

A. No, I didn't.

Q. When you had sexual relations with [Respondent], did you have occasion to use any type of contraceptive device?

A. Only on the first time.

Q. When would that be?

A. It was in October.

Q. And other than that, you didn't use a contraceptive device?

A. No, I didn't.

Q. Where did the acts of sexual intercourse you described take place?

A. In the car.

Q. Whose car?

A. [Respondent's] car.

Q. Where was the car at the time you had these relations?

A. At the drive-in, the Highway Drive-In and on a country road, I don't know the road."

Furthermore, Respondent stated on direct examination:

"Q. Did you ever achieve orgasm with [Petitioner]?

A. I'm not sure. I .. it sounds dumb, but she said I only did once and I guess I don't know that much because every time I've had sex it's always been the same. I don't know. I guess.

> THE COURT: Do you know what the word means?

A. I thought so.

> THE COURT: An ejaculation.

A. Yes, that's what I thought. I think I know about it but . . .

> THE COURT: Did you have an ejaculation when you had intercourse with [Petitioner]?

A. Yes, but I did every time, it was always the same.

> THE COURT: You did every time.

A. Right."

In common parlance the terms "sexual intercourse" and "sexual relations" are often used interchangeably. See e.g., *D.E.F. v. E.M.* (1977), 173 Ind. App. 274, 363 N.E.2d 1030; and *I.H. v. J.T.* (1975), 164 Ind. App. 674, 330 N.E.2d 140. We hold that these terms are synonymous in a paternity action unless a party sufficiently demonstrates by cross-examination or otherwise that a particular witness used the term "sexual relations" in a sense different from "sexual intercourse". Accordingly, in view of the common meaning given to these terms, and in view of the testimony at trial, we hold that there was sufficient evidence to support the judgment.

## IV.

Finally, we are compelled to comment upon the dilatory actions of Petitioner in her answering of Respondent's interrogatories. An examination of the questions posed by Respondent shows that the information he requested was either relevant as evidence to be introduced at trial or was likely to lead to such evidence. Furthermore, answering the questions could not have consumed a great deal of Petitioner's or counsel's time. Thus the delay in answering the questions, first posed on January 21, 1976, and finally answered on September 23, 1976, is, from an examination of the record, unjustifiable, in light of at least two factors: 1) the orders of the trial court in May and June of that year compelling discovery; and 2) the requirement of Trial Rule 33 that the interrogatories be answered within thirty days of their submission to the opposing party.[1] Petitioner's disregard for this rule only served to delay the proceedings at a point when Respondent quite understandably was seeking to resolve the suit filed against him. This failure to act, unjustified as it is on the record before us, is disrespectful to the trial court and to opposing counsel. Certainly our courts should discourage such conduct in unequivocal terms.

Under our rules as presently written there appear to be few, if any, guidelines available for a determination of the removal of sanctions. The total *and permanent* exclusion of evidence for failure to comply with discovery requests is an extremely harsh sanction, especially in cases

---

1. Respondent properly requested in his interrogatories that they be answered within thirty days, all pursuant to TR. 33.

such as the present, where, as stressed above, the party seeking discovery in no manner whatsoever was prejudiced at trial. Such total exclusion would not be in the interests of justice, especially were the delay justified or at least excusable, since it would militate against the policy of hearing cases on their merits. On the other hand, to allow counsel to "play fast and loose with the rules," as Respondent so aptly describes the course of events in this case, results in retarding the entire judicial process; it forces the aggrieved party to embark upon timeconsuming, cumbersome, and periodically ineffective discovery enforcement procedures. Obviously there is a gap in our rules on the subject of lifting sanctions. Another solution could be advanced to this problem, such as requiring the recalcitrant party to demonstrate good cause before sanctions, once imposed, could be rescinded. However, this court must abide by the rules as written. Respondent's failure to move for a continuance of the trial date effectively waived his discovery objections, *Butler v. State, supra*, and he has demonstrated no prejudice accruing to him as a result of the unfortunate delay of the trial. Accordngly, we must affirm the decision of the trial court.

Affirmed.

Lowdermilk and Robertson, JJ., Concur.

NOTE—Reported at 381 N.E.2d 1270.