CLARENCE L. CROCKER AND WILLIE SIMS *v.* STATE OF INDIANA

[No. 3-1177A289. Filed July 24, 1978.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *David P. Freund*, Administrator of Appellate Div., *R. Davy Eaglesfield, III*, Special Assistant, for appellants.

*Theodore L. Sendak*, Attorney General of Indiana, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

GARRARD, P.J.—Crocker and Sims were convicted of first degree burglary and were sentenced to terms of 10 to 20 years. The sole contention of error is that they were denied a fair trial because the court precluded them from calling any of three persons who might have testified for the defense. The reason for the preclusion was the failure of defense counsel to mention any of these witnesses until the day before trial despite the court's order for the continuing disclosure of witnesses.[1] The order expressly advised the parties that failure to disclose the names of witnesses at least fourteen (14) days prior to trial could result in the exclusion of the witnesses at trial or other appropriate sanction.

Appellants' primary contention is that while the state may be precluded from calling witnesses if it violates a discovery order, it would deny an accused a fair trial to subject him to so strong a sanction. Accordingly, it is argued that while appellants' actions would entitle the state to a continuance, it is per se an abuse of discretion to refuse to permit any such witness to testify.

We think this position misconstrues the essential meaning of afford-

---

1. In fact the defendants, in the disclosure made the day before trial, proposed to call only Michael Sims, the younger brother of appellant Sims. The disclosure indicated that Michael Sims would testify that he and two other named individuals had committed the burglary. In response to the state's motion and after hearing, the court's order precluded calling any of the three as witnesses.

ing an accused a fair trial. In the context of this argument a "fair trial" means a trial where the accused's rights are safeguarded and respected. This, however, does not mean that the exercise of an accused's rights are not subject to reasonable rules of practice and procedure of which he has due notice. *See, e.g., Diggs v. State* (1977), 266 Ind. 547, 364 N.E.2d 1176, precluding a challenge by motion to dismiss where not made in compliance with the statute. *See also Ottinger v. State* (1977), Ind. App., 370 N.E.2d 912 and *State v. Buza* (1975), 163 Ind. App. 514, 324 N.E.2d 824 where defense and prosecution witnesses, respectively, were precluded from testifying in violation of disclosure requirements. As the court observed in *Ottinger* situations as the one before us where an accused is afforded the right to call a witness but forfeits it through his own failure to comply with discovery orders, etc. are to be distinguished from cases such as *Washington v. State of Texas* (1967), 388 U.S. 14, 87 S. Ct. 1920, 18 L.Ed.2d 1019 where by statute or rule an accused is arbitrarily denied the right *en toto* to call one of a class of witnesses who otherwise is physically and mentally capable of testifying to events material to the defense that the witness has personally observed. Furthermore, the fact that another court confronted with the same facts might have exercised its discretion differently is insufficient to establish an abuse of discretion. The exclusion was not per se an abuse of discretion.

We turn then to an examination of whether the record discloses an abuse of discretion committed by the trial court in fact. Clearly it does not.

First of all there is no showing that the defendants intended to call Flynn or Hunsberger. The inference is that they did not since the only name they submitted on the day before trial was that of Michael Sims. Of course, if any or all of these persons participated in the commission of the burglary, the defendants could not compel their testimony in violation of their Fifth Amendment rights. Yet significantly, no waiver of rights was proffered indicating willingness of any of the three to testify.

The trial commenced June 29, 1977. At the *in camera* hearing conducted by the court, appellant Sims testified that he learned in December 1976 that his brother and the other two had committed the offense. Crocker testified that he had told counsel in November 1976 that Michael Sims had committed the burglary. Admittedly, by April, 1977, some two

months before trial, defense counsel knew of these potential witnesses yet they were not listed in compliance with the discovery requirements. Thus, there was more than ample time within which the disclosure order could have been complied with.

Furthermore, while no charge of incompetent counsel has been argued, it does not appear that such a claim, if made, could be sustained. This is not a case where counsel failed to engage in preparation for trial. Counsel testified at length at the hearing to the effect that he felt Michael's proposed testimony was unconvincing and would be damaging to appellants' alibi defense. He did not believe what his clients told him about Michael's involvement.[2] Deliberate choices made by counsel for strategic reasons do not establish ineffective counsel where experienced trial lawyers might disagree on the best tactic. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811.

On the facts before the court we cannot conclude that it abused its discretion in excluding the witness(es).

Affirmed.

Hoffman, J. concurs;

Buchanan, C.J. (sitting by designation) concurs.

NOTE—Reported at 378 N.E.2d 645.

2. *See* Disciplinary Rule 7-102(A)(4), Indiana Code of Professional Responsibility.