William Earl WISEHEART, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S449.

Supreme Court of Indiana.

April 28, 1986.

Michael J. McDaniel, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

In countless cases this Court has approved the presentation of evidence by the State notwithstanding violations of pretrial orders. Today the shoe is on the other foot.

Appellant William Wiseheart was tried by a jury and convicted of child molesting, a class B felony, Ind.Code § 35–42–4–3(a) (Burns 1985) and of a second count of child molesting, a class C felony, Ind.Code § 35–42–4–3(b) (Burns 1985). The trial court imposed consecutive sentences of twenty years for the class B felony and eight years for the class C felony.

Appellant raises three issues in this direct appeal:

(1) Whether the trial court's exclusion of defense witnesses' testimony as a sanction for violation of a discovery order constituted an abuse of discretion,

(2) Whether the sentence imposed by the trial court was excessive, and

(3) Whether appellant's testimony that he gave his confession after drinking alcohol and smoking marijuana required the trial court to suppress his statement.

We reverse, having concluded that the trial court's decision to prohibit testimony by several of Wiseheart's witnesses was an abuse of discretion, since it appears to be based solely on the violation of a pretrial discovery order.

The evidence at trial revealed that Wiseheart had sexually molested the two daughters (LB & SB) of the woman with whom he was cohabitating. When the mother was informed of these molestations by the welfare department, she advised the police that there was an outstanding warrant for appellant (issued for failing to attend an alcohol counseling program) and told them where he could be found.

Officer Jack Fleeman arrested defendant at his residence. At the police station, Wiseheart was advised of his *Miranda* rights and he signed a waiver. During a taped statement, Wiseheart admitted that he had sexual contact with the children.

### I. Exclusion of Defense Witnesses

On the morning of trial, defendant requested permission to call four individuals not previously listed as witnesses during discovery. The State objected on the grounds that this constituted a violation of the court's pretrial discovery order. Appellant argues that exclusion of these witnesses constituted an abuse of discretion. We agree and reverse on this issue.

Appellant maintains that there are two reasons why a continuance would have been the proper remedy. First, he claims that trial counsel was unaware of the existence of this evidence prior to trial and second, that these witnesses were material to his defense. He maintains that a continuance would have allowed the State time to assess the offered testimony and that exclusion of testimony is a sanction which should be applied only where there is evidence of bad faith.

The pretrial order required the defendant and the State to disclose the names and addresses of potential witnesses and a summary of their testimony. After the jury had been sworn, defendant moved to add four witnesses to his roster. Counsel Hancock explained that the existence of these four witnesses and the evidence which would be provided by their testimony was not known to him prior to trial. Apparently, these witnesses did not approach defense counsel to inform him about this evidence until the morning of the first day of trial.

Hancock identified the four witnesses whom he wanted to call on behalf of the defendant and described the nature of their testimony:

(1) *Dr. Freedman:* a psychiatrist or psychologist who had examined LB in connection with this case. Hancock was advised by either Judy Green or defendant's sister that she had been recently informed by the victims' mother that LB had been examined by the doctor. Hancock had not yet had a chance to talk

with the doctor despite his attempts to reach him, and his clerk tried to reach the doctor while the hearing was held.

(2) *SB:* one of the victims who had allegedly changed her story and now insisted that the molestations did not occur.

(3) *Ronny Wiseheart:* defendant's nephew, who would testify about statements which LB made to him.

(4) *Judy Green:* who would testify about unknown information which she deemed vital to this case.

Hancock argued that failure to list these witnesses would be a violation of the court's discovery order only if he had knowledge of these witnesses prior to trial. He stated that he made diligent attempts to discover all information and witnesses relevant to the trial and was unable to uncover any of these witnesses until the morning of trial.

The trial court made the following rulings on the individual witnesses:

(1) *Dr. Freedman:* motion denied; the woman who told counsel that the doctor had certain information had a duty to do so earlier.

(2) *SB:* motion denied; she was a State witness and subject to cross-examination.

(3) *Ronnie Wiseheart:* motion denied; defendant had been out on bond for a considerable length of time and Ronnie is his nephew. The court stated that if defendant's nephew had any such information, it was his duty to come forward long before the day of the trial.

(4) *Judy Green:* motion denied; the case was pending since July, 1983 and if she is a responsible person and had information bearing on the trial, it was her duty to come forward long before the day of the trial.

The issue presented usually arises in the context of the State's violation of a pretrial discovery order. When evidence which should have been disclosed to the defendant during discovery is revealed for the first time at trial, the defendant has two remedies: move for a continuance or move for exclusion of the evidence. *Averhart v. State* (1984), Ind., 470 N.E.2d 666. In describing the availability of these two alternatives, Justice Pivarnik wrote:

> Exclusion of evidence, however, is usually invoked *only* when the State has blatantly and deliberately refused to comply with the Court's discovery order. The usual remedy is to allow the defendant a continuance in order to examine and meet the new evidence.

*Murray v. State* (1985), Ind., 479 N.E.2d 1283, 1287.

Exclusion is appropriate only when it is the sole remedy which avoids substantial prejudice to the defendant's rights. *Coppock v. State* (1985), Ind., 480 N.E.2d 941.

■ While sanctions for failure to comply with discovery are within the trial court's discretion, the primary factors which a trial court should examine are whether the breach was intentional or in bad faith and whether substantial prejudice has resulted. *Glover v. State* (1982), Ind., 441 N.E.2d 1360; *Dudley v. State* (1985), Ind., 480 N.E.2d 881. The trial court's inquiry here did not appear to focus on these two questions. The State objected to the defendant's motion to call additional witnesses solely on the basis that defendant had violated the court's pretrial discovery order. The trial judge noted that one of the witnesses would be available for cross-examination by the defendant and determined that the other three witnesses should not be called because those having information had a duty to come forward earlier. The only evidence before the court was that they had not done so and that counsel's failure to list them was only in good faith. There was no inquiry on whether substantial prejudice would result to the State. Rather, defendant's motion was denied principally because he had breached a pretrial discovery order.

■ To prevent elevating form over substance it is necessary that the trial judge determine more than the existence of a violation. Although an inquiry on the substance of the request would be appropriate regardless of whether leave to add witnesses is requested by the State or by the

defendant, a request by a defendant is buttressed by his Sixth Amendment right to present witnesses on his behalf.[1]

The factors which a trial court should consider when determining the sanction for a criminal defendant who violates a discovery order to disclose witnesses has not been addressed by this Court. The refusal of a trial court to permit a defendant to call undisclosed witnesses has been discussed by our Court of Appeals.

In *Ottinger v. State* (1977), Ind.App., 370 N.E.2d 912, the issue was whether the trial court erred by refusing to allow the defendant to call two witnesses who were disclosed to the State on the morning of trial. After the State presented its case in chief, defense counsel announced his intention to call two witnesses even though defendant had told the State prior to the trial that he did not intend to present any witnesses on his behalf. The trial court refused this testimony. On appeal, Ottinger argued that the trial court should have granted a continuance rather than exclude the testimony of his witnesses. The First District determined that the defendant's proposed witnesses would have testified about evidence which the defendant had knowledge of approximately eight months prior to trial. The Court of Appeals emphasized that his case was not a "situation involving evidence which became known for the first time on the morning of trial." 370 N.E.2d at 915.

In *Crocker v. State* (1978), 177 Ind.App. 131, 378 N.E.2d 645, the issue presented to the Third District was whether the defendant's right to a fair trial was violated when the trial court precluded testimony by one defense witness. The day before the trial the defense indicated its intention to call a brother of one of the defendants. It was indicated that the brother "would testify that he and two other named individuals had committed" the crime charged. The defendants argued on appeal that exclusion of the brother's testimony denied the accused a fair trial and constituted an abuse of discretion *per se*. The appellate court held that the exclusion did not amount to abuse *per se*. Writing for the majority, Judge Garrard reasoned that a fair trial "means a trial where the accused's rights are safeguarded and respected ... [but] does not mean that the exercise of an accused's rights are not subject to reasonable rules of practice and procedure of which he has due notice." 378 N.E.2d at 646. The court noted that one defendant testified at an *in camera* hearing that he learned that his brother had committed this crime in December 1976; the co-defendant revealed this information to trial counsel in November 1976. Therefore, defense counsel had known of the potential witness for some six months by the time of the trial in June 1977, yet had not listed the witnesses in compliance with discovery requirements. Moreover, trial counsel had determined that the brother's proposed testimony was unconvincing and potentially damaging to his clients' alibi defense.

Finally, in *Borst v. State* (1984), Ind. App., 459 N.E.2d 751, *trans. denied*, the Third District reversed a trial court's decision to exclude the testimony of one defense witness rather than grant the State a continuance and remanded the case for a new trial. Defense counsel sent the State

---

1. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor." *Accord,* Article I, § 13, Indiana Constitution. In *Washington v. Texas* (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 the Supreme Court stated that:

The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

The Seventh Circuit Court of Appeals has noted, in this context, that the State's interest in the application of a discovery rule must be balanced against the defendants' Sixth Amendment right to a fair trial. *United States ex rel. Enoch v. Hartigan* (7th Cir.1985), 768 F.2d 161.

a list of the witnesses whom Borst expected to call at trial prior to the date upon which discovery was to be completed. The defense listed witness Evans, whose address was unknown, but would be provided when available. Two days before trial, defense counsel notified the State that Evans had been located. One day before trial, the State filed a motion *in limine* seeking exclusion of Evans' testimony because his address had not been supplied earlier. The trial court granted the motion. Judge Staton correctly wrote for a unanimous court in holding that the exclusion of Evans' testimony denied Borst's Sixth Amendment right to present witnesses on his behalf. Assuming that bad faith would justify infringement of a defendant's Sixth Amendment right, the court concluded that the evidence did not demonstrate bad faith and the State did not show substantial prejudice to its case should a continuance be granted.

■ The purposes of a pretrial discovery order are to enhance the accuracy and efficiency of the fact-finding process, *Lay v. State* (1981), Ind., 428 N.E.2d 779, and to prevent surprise by allowing the parties an adequate time to prepare their cases. *Lloyd v. State* (1983), Ind., 448 N.E.2d 1062. The State's interest in the application of discovery rules is the prevention of surprise, not punishment of the defendant for mere technical errors or omissions. *Enoch, supra* note 1, at 989. In accordance with these ends, the trial court should seek to apply sanctions which have a minimal affect on the evidence presented at trial and the merits of the case.

■ Moreover, the office of criminal discovery in Indiana is reciprocity. This Court requires that discovery rules be fairly balanced between the State and the defendant. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331. The discovery rules are most effective when applied with equal force to both the State's violation of a discovery order and the defendant's violation of a discovery order. Generally, we have not deemed the trial court's decision to permit the State to introduce testimony in violation of a discovery order to list witnesses to be an abuse of discretion when the record indicates that the State's act was not intentional or deliberate, where alternative sanctions mitigated any prejudice to defendant, or where defendant has not shown that he was unduly surprised or prejudiced.[2]

2. Our research reveals only one case where the trial court struck a State witness' testimony because his name had not appeared on the list of witnesses furnished by the prosecutor. *Olson v. State* (1974), 262 Ind. 329, 315 N.E.2d 697. Usually the trial court decides to permit the State to present the testimony of undisclosed witnesses.

The State's undisclosed witnesses have been permitted to testify when there is no showing by defendant that the State's failure to disclose was intentional or deliberate. *Gutierrez v. State* (1979), 271 Ind. 639, 395 N.E.2d 218 (the State did not blatantly disregard a pretrial discovery order when the prosecutor was not aware until two weeks before trial that an undisclosed witness would be necessary to establish the chain of custody); *Lund v. State* (1976), 264 Ind. 428, 345 N.E.2d 826 (when there is no evidence that the State's breach was an act of bad faith or deliberate suppression, then the trial court does not err by allowing a witness to testify who was not disclosed to defendant until the day before the trial); *Lloyd v. State* (1983), Ind., 448 N.E.2d 1062 (on the third day of the trial the State was permitted to add a witness whose name had been inadvertently omitted from its witness list because the court granted an overnight continuance); See, also, *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Ofttimes a recess or a continuance is granted to enable the defendant to examine and confront the evidence to be presented by the State's witness who was not timely disclosed. *Murray v. State* (1985), Ind., 479 N.E.2d 1283 (during the State's case in chief the trial court permitted an undisclosed witness to testify as an expert on drug trafficking because the State did not previously recognize that such testimony would be necessary in their case against a defendant charged with a drug offense); *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738 (not error to allow two witnesses whose names were not disclosed to defendant until the morning of trial to testify when defendant declined the trial court's offer of a one-day continuance to investigate the witnesses); *Lay v. State* (1981), Ind., 428 N.E.2d 779 (no error when defendant is given an opportunity by the trial court to depose the surprise witness who was necessary to establish a chain of custody); *Hudson v. State* (1976), 265 Ind. 302, 354 N.E.2d 164 (court permitted

When a criminal defendant seeks to introduce testimony in violation of a pretrial discovery order, the trial court must conduct a hearing to consider the surrounding circumstances of the defendant's breach. A defendant's violation of a pretrial discovery order does not *ipso facto* constitute grounds for the exclusion of testimony. The most extreme sanction of witness exclusion should not be employed unless the defendant's breach has been purposeful or intentional or unless substantial and irreparable prejudice would result to the State. In order to reach a just decision which fully assess the right of both parties to a fair trial and the criminal defendant's Sixth Amendment right to present witnesses on his behalf, the following kinds of questions should be asked: [3]

(1) Whether the nature of defendant's violation was trivial or substantial. The trial court should consider when the witness first became known to defense counsel.

(2) How vital the potential witness' testimony is to the defendant's case. The trial court should determine the significance of the proffered testimony to the defense. Is the testimony relevant and material to the defense or merely cumulative?

(3) The nature of the prejudice to the State. Does the violation have a deleterious impact on the case prepared by the State?

(4) Whether less stringent sanctions are appropriate and effective to protect the interest of both the defendant and the State.

(5) Whether the State will be unduly surprised and prejudiced by the inclusion of the witness' testimony despite the available and reasonable alternative sanctions (e.g., a recess or a continuance) which can mitigate prejudice to the State by permitting the State to interview the witnesses and conduct further investigation, if necessary.

It may well be that other factors will be relevant in a given case or that some of the foregoing will be inapplicable to a certain set of facts. Of course, when a defendant seeks to call a previously undisclosed witness, he must make an offer of proof on the nature of the proffered testimony. When a defendant does not make an offer of proof, he has not adequately preserved the exclusion of witness' testimony as an issue for appellate review. *Chatman v. State* (1975), 263 Ind. 531, 334 N.E.2d 673. This offer to prove is necessary to enable both the trial court and the appellate court to determine the admissibility of the testimony and the prejudice which might result if the evidence is excluded.

Defendant did not disclose the exact nature of the testimony of Dr. Freedman or Judy Green. However, trial counsel presented the court with all the facts of which he was aware at that time. Rather than excluding this testimony merely because the defendant had violated the pre-

State to file a supplemental witness list the first day of trial, which was served to defendant the day before trial, and permitted these witnesses to testify since court offered defendant a continuance); See, also, *Cornett v. State* (1983), Ind., 450 N.E.2d 498; *Morris v. State* (1979), 270 Ind. 245, 384 N.E.2d 1022; *Holguin v. State* (1971), 256 Ind. 371, 269 N.E.2d 159.

Similarly, undisclosed State witnesses may also testify when there is no showing of surprise or prejudice to the defendant. *Staggers v. State* (1985), Ind., 477 N.E.2d 539 (defendant deemed not to be surprised when on the first and second day of trial State filed an additional witness list of police officers whose testimony was needed to help establish the chain of custody for latent fingerprints which the State sought to introduce as evidence.) See, also, *Flores v. State* (1985),

Ind., 485 N.E.2d 890; *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331.

**3.** Other jurisdictions, and the Seventh Circuit, require the trial judge to consider several factors when reviewing the circumstances surrounding the defendant's violation of a pretrial discovery order. The exclusion of a defense witness' testimony is generally deemed to constitute reversible error absent compelling circumstances which preclude the usage of less stringent sanctions. *Enoch, infra* note 1, at 989; *State v. Smith* (1984), 140 Ariz. 355, 681 P.2d 1374; *Bradford v. State* (Fla., 1973), 278 So.2d 624; *State v. Marchellino* (Iowa, 1981), 304 N.W.2d 252; *State v. Bright* (1981), 229 Kan. 185, 623 P.2d 917; *State v. Mansfield* (Mo., 1983), 637 S.W.2d 699.

trial discovery order or because of a belief that these witnesses had a duty to come forward earlier, the trial court should have made the same kind of inquiry so familiar when it is the State which seeks to admit surprise evidence. There was no evidence here of bad faith on the defendant's behalf and there was no evidence that the State would have suffered substantial prejudice should a continuance have been granted.

Ronnie Wiseheart did not testify at trial. Trial counsel indicated in his offer of proof that Ronnie would have testified about statements which LB made to him. LB did testify and was questioned during cross-examination about a statement which she purportedly made to Ronnie. During cross-examination Hancock asked LB if she remembered telling Ronnie Wiseheart that she was tired of defendant "beating up on [her] mother and getting drunk and [she] knew a way to get him out of the house and locked up?" LB explained that she told Ronnie that she had a "way to get rid of [William Wiseheart], because [she] was tired of him doing that stuff to [her] and [she] didn't want to do it no longer." Whether counsel's question to the witness is a recitation of Ronnie Wiseheart's version of LB's statement is unknown. Rather than rely on speculation and conjecture, the nature of his testimony should also be evaluated by the trial court. If the statement had been made months before trial, then only exigent circumstances would justify its inclusion.

SB did testify for the State and was cross-examined by counsel for the defendant. The latter did not pose any questions about a change in her story. Since counsel had asked to call her as his own witness thinking she would change her story, it is apparent that the trial court's decision with respect to this witness was entirely harmless.

We therefore reverse the judgment of the trial court and order this cause remanded for re-trial. Unless additional facts come before the trial court showing prejudice to the State, Dr. Freedman, Judy Green, and Ronnie Wiseheart should be allowed to testify for the defense.

## II. Admission of Statement

Since this matter is remanded for further proceedings, we will decide an issue which will be presented again during re-trial, whether the trial court should have admitted Wiseheart's statement to the police.

Appellant argues that he was under the influence of drugs and alcohol when he gave his statement to the police and therefore maintains that it was not made knowingly and voluntarily.

When a defendant challenges the voluntariness of his confession based upon his allegation that he was in an intoxicated state when he made his statement, he has the burden to introduce evidence to establish that the amount and nature of the intoxicants would produce an involuntary statement. *Buck v. State* (1983), Ind., 453 N.E.2d 993.

The evidence in this case indicates that Wiseheart was arrested at his home under an unrelated outstanding warrant. At the police station, Officer Fleeman advised defendant that he was a suspect in a child molestation case and that he wished to speak to him about this matter. Fleeman read defendant his constitutional rights from a form. After reading the form himself, Wiseheart told the officer that he understood his rights.

Wiseheart worked from 7:30 a.m. to 4:00 p.m. He had three beers after work and shared a "joint" of marijuana with a friend. He was arrested by the police at 5:30 p.m., signed a waiver of rights form at 5:49 p.m., and gave his statement at 6:10 p.m. When he gave his statement to the police, he told the officers that he had consumed three or four beers after work but now had a clear head.

In his capacity as a police detective, Fleeman has had several occasions to deal with persons under the influence of drugs and alcohol. He testified that defendant did not exhibit any characteristics associated with intoxication. Fleeman described appellant as appearing "wide awake, alert,

very clear headed" and stated that Wiseheart did not appear to be intoxicated. The evidence does not indicate that Wiseheart's drug and alcohol consumption resulted in an involuntary statement.

Based on this testimony, the trial court properly admitted the statement.

The judgment is reversed and the cause remanded for re-trial.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.