**Robert Franklin LYONS, Jr., Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 02A03-8604-CR-00123.**

Court of Appeals of Indiana, Third District.

Feb. 19, 1987.

Bruce S. Cowen, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Robert Lyons was convicted by a jury of two counts of burglary,[1] a class B felony. He was sentenced to two concurrent terms of ten (10) years each.[2] The defendant contends on appeal that the court erred in denying his motion to suppress evidence of statements he made to police officers.[3]

We affirm.

On May 8, 1985, the defendant was picked up by a Fort Wayne police officer, Officer Mary Ann Mosley, for questioning about a bicycle theft. He was taken to a juvenile home to spend the night. The defendant testified at trial that, while in transit to the juvenile home, Officer Mosley questioned him about the two burglaries which are the subject of this appeal. He testified that he was not advised of his legal rights at any time prior to or during that questioning.[4]

On the following day, Lyons was taken to juvenile court, where he was met by his mother. They were both informed of the defendant's *Miranda* rights, and they both signed a form waiving those rights. The defendant's mother urged him to tell the truth.

Unaware of any prior confession by the defendant, Juvenile Officer Steve Hollsworth then questioned Lyons about the bicycle theft. Two other police officers and the defendant's mother were present. During the course of the questioning, Lyons began to volunteer information about the two burglaries he said he committed with a companion. The information he gave about the crimes matched actual information in the files of those cases at the Fort Wayne Police Department. In addition, Lyons told Officer Hollsworth where the victims' property could be found. The police located those items and returned them to the burglary victims.

Before trial, the defendant filed a motion to suppress evidence of the statements he made to Officer Hollsworth. He argued that Officer Mosley's failure to administer the *Miranda* warnings on May 8, 1985, made his confession to her inadmissible and "tainted" his subsequent confession to Officer Hollsworth. Lyons contended that even though Officer Hollsworth advised him of his *Miranda* rights on the second day of questioning, his waiver of them was not knowingly and intelligently made because he would not have volunteered information about the burglaries to Officer Hollsworth if he had known that his prior statements to Officer Mosley could not be used against him.

He also argued that the waiver of his *Miranda* rights was not knowingly and intelligently made because, on the date of his second confession, he was only seventeen, and, he was still under the influence of the alcohol and other intoxicants he had consumed on May 7, 1985.

The motion to suppress was denied, and Lyons' statements to Officer Hollsworth were admitted at trial over objection.

■ Defendant's first contention must fail. This identical issue was presented to the United States Supreme Court in *Oregon v. Elstad* (1985), 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222, where the Court held that a suspect who has once responded to unwarned, yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been

---

1. Ind.Code 1976, 35–43–2–1 (Burns Code Ed., 1985 Repl.).

2. I.C. 1976, 35–50–2–5 (Burns Code Ed., 1985 Repl.).

3. The defendant raised several other issues in his Motion to Correct Errors, but, while those issues were stated in his brief, they were not fully argued as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). Failure to comply with the rule results in waiver. *Smith v.* *State* (1985), Ind., 475 N.E.2d 1139, 1142, *reh. denied.*

4. Other than defendant's testimony, there was no evidence presented at trial showing that this confession occurred. The defendant testified that he was questioned by Officer Mosley regarding the burglaries, but he did not state what information she actually elicited from him. Officer Mosley did not testify. Only evidence pertaining to the confession of May 9, 1985, was sought to be admitted by the State.

given the requisite *Miranda* warnings. 105 S.Ct. at 1298.

The Court stated:

"Respondent's contention that his confession was tainted by the earlier failure of the police to provide *Miranda* warnings and must be excluded as 'fruit of the poisonous tree' assumes the existence of a constitutional violation. This figure of speech is drawn from *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), in which the Court held that evidence and witnesses discovered as a result of a search in violation of the Fourth Amendment must be excluded from evidence. The *Wong Sun* doctrine applies as well when the fruit of the Fourth Amendment violation is a confession. It is settled law that 'a confession obtained through custodial interrogation after an illegal arrest should be excluded unless intervening events break the causal connection between the illegal arrest and the confession so that the confession is "sufficiently an act of free will to purge the primary taint." ' *Taylor v. Alabama,* 457 U.S. 687, 690, 102 S.Ct. 2664, 2667, 73 L.Ed.2d 314 (1982) (quoting *Brown v. Illinois,* 422 U.S. 590, 602, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975)).

But as we explained in *Quarles* and *Tucker,* a procedural *Miranda* violation differs in significant respects from violations of the Fourth Amendment, which have traditionally mandated a broad application of the 'fruits' doctrine. The purpose of the Fourth Amendment exclusionary rule is to deter unreasonable searches, no matter how probative their fruits. *Dunaway v. New York,* 442 U.S. 200, 216–217, 99 S.Ct. 2248, 2258–2259, 60 L.Ed.2d 824 (1979); *Brown v. Illinois,* 422 U.S., at 600–602, 95 S.Ct., at 2260–2261. 'The exclusionary rule, ... when utilized to effectuate the Fourth Amendment, serves interests and policies that are distinct from those it serves under the Fifth.' *Id.,* at 601, 95 S.Ct., at 2260. Where a Fourth Amendment violation 'taints' the confession, a finding of voluntariness for the purposes of the Fifth Amendment is merely a threshold requirement in determining whether the confession may be admitted in evidence. *Taylor v. Alabama, supra,* 457 U.S. at 690, 102 S.Ct., at 2667. Beyond this, the prosecution must show a sufficient break in events to undermine the inference that the confession was caused by the Fourth Amendment violation.

The *Miranda* exclusionary rule, however, serves the Fifth Amendment and sweeps more broadly than the Fifth Amendment itself. It may be triggered even in the absence of a Fifth Amendment violation. The Fifth Amendment prohibits use by the prosecution in its case in chief only of *compelled* testimony. Failure to administer *Miranda* warnings creates a presumption of compulsion. Consequently, unwarned statements that are otherwise voluntary within the meaning of the Fifth Amendment must nevertheless be excluded from evidence under *Miranda.* Thus, in the individual case, *Miranda's* preventive medicine provides a remedy even to the defendant who has suffered no identifiable constitutional harm. See *New York v. Quarles,* 467 U.S. at 649, 104 S.Ct. [2626, 2631, 81 L.Ed.2d 550 (1984) ]; *Michigan v. Tucker,* 417 U.S. 433, 444, 94 S.Ct. 2357, 2363, 41 L.Ed.2d 182 (1974).

But the *Miranda* presumption, though irrebuttable for purposes of the prosecution's case in chief, does not require that the statements and their fruits be discarded as inherently tainted."

105 S.Ct. at 1291–1292.

\* \* \* \* \* \*

"Since there was no actual infringement of the suspect's constitutional rights, the case was not controlled by the doctrine expressed in *Wong Sun* that fruits of a constitutional violation must be suppressed ..."

105 S.Ct. at 1293.

\* \* \* \* \* \*

"It is an unwarranted extension of *Miranda* to hold that a simple failure to administer the warnings, unaccompanied

by any actual coercion or other circumstances calculated to undermine the suspect's ability to exercise his free will so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period. Though *Miranda* requires that the unwarned admission must be suppressed, the admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made."

105 S.Ct. at 1293–1294.

\* \* \* \* \* \*

"The failure of police to administer *Miranda* warnings does not mean that the statements received have actually been coerced, but only that courts will presume the privilege against compulsory self-incrimination has been intelligently exercised. See *New York v. Quarles,* 467 U.S., at 655, and n. 5, 104 S.Ct., at 2631, and n. 5; *Miranda v. Arizona,* 384 U.S. [436], at 457, [86 S.Ct. 1602, at 1618, 16 L.Ed.2d 694 (1966)] ..."

105 S.Ct. at 1294.

\* \* \* \* \* \*

"We must conclude that, absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion. A subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement. In such circumstances, the finder of fact may reasonably conclude that the suspect made a rational and intelligent choice whether to waive or invoke his rights."

105 S.Ct. at 1296. *See also Butler v. State* (1985), Ind.App., 478 N.E.2d 126, *reh. denied.*

Here, there is no evidence to suggest that Officer Mosley's failure to administer the *Miranda* warnings was accompanied by any actual coercion "or other circumstances calculated to undermine the sus-

pect's ability to exercise his free will." In fact, there is no evidence that anything Lyons said on May 8, 1985, was incriminating; no one but the defendant claims that there was a confession on that date. Officer Mosley did not testify, but Officer Hollsworth testified that he was unaware of any prior confession when he questioned the defendant on May 9, 1985.

In *Oregon,* as here, the defendant argued that he was unable to give a fully informed waiver of his rights because he was unaware that his prior statement could not be used against him. In response, the Court said:

> Respondent suggests that Deputy McAllister, to clear this deficiency, should have added an additional warning to those given him at the Sheriff's office. Such a requirement is neither practicable nor constitutionally necessary. In many cases, a breach of *Miranda* procedures may not be identified as such until long after full *Miranda* warnings are administered and a valid confession obtained ... The standard *Miranda* warnings explicitly inform the suspect of his right to consult a lawyer before speaking. Police officers are ill equipped to pinch-hit for counsel, construing the murky and difficult questions of when "custody" begins or whether a given unwarned statement will ultimately be held admissible ...

105 S.Ct. at 1297.

■ Defendant's second and third contentions must also fail. The Indiana Supreme Court has held that a juvenile may waive his rights and have his statement used against him at a subsequent trial if he is: informed of the right to an attorney and the right to remain silent; given an opportunity to consult with his parents, guardian, or an attorney as to whether or not he wishes to waive those rights; and there are no elements of coercion, force, or inducement present. *Partlow v. State* (1983), Ind., 453 N.E.2d 259, 268, *cert. denied,* 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219. *See also* I.C. 1978, 31–6–7–3 (Burns Code

Ed., 1980 Repl.). These requirements have been met here.

 As to defendant's third argument, when a defendant challenges the voluntariness of his confession based on a claim that he was in an intoxicated state when he made the confession, he has the burden to introduce evidence to establish that the amount and nature of the intoxicants would produce an involuntary statement. *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, 992. The defendant here brought forth no such evidence.

Affirmed.[5]

HOFFMAN and YOUNG, JJ., concur.

---

5. The United States Supreme Court issued two new opinions construing the *Miranda* requirements on January 27, 1987. See *Colorado v. Spring,* — U.S. ——, 107 S.Ct. 851, 93 L.Ed.2d 954 and *Connecticut v. Barrett,* — U.S. ——, 107 S.Ct. 828, 93 L.Ed.2d 920. While neither case is directly on point here, it is interesting to note that in *Spring,* the Court held that a suspect's awareness of all the crimes about which he may be questioned is not relevant to determining the validity of his decision to waive the Fifth Amendment privilege. Both cases reiterate that the Constitution does not require that a suspect know and understand every possible consequence of a waiver of the Fifth Amendment privilege. *See Oregon,* 105 S.Ct. at 1297.