Jamarcus L. FIELDS, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 02S00–9504–CR–422.

Supreme Court of Indiana.

May 9, 1997.

Gregory L. Fumarolo, Public Defender, Fort Wayne, for Defendant–Appellant.

Pamela Carter, Attorney General and Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

SELBY, Justice.

A jury convicted Appellant Jamarcus Fields of murder. In this direct appeal, Appellant raises several issues: 1) Did the selection of the jury venire from voter registration lists violate Appellant's right to an impartial jury? 2) Did the trial court err in allowing the testimony of a witness whose name the State did not timely disclose? 3) Did the court err in finding Appellant's confessions voluntary and admitting them into evidence? 4) Did Appellant receive effective assistance of counsel at the interrogation and trial phases? 5) Did the record contain evidence sufficient to support the conviction? 6) Did the trial court err in refusing Appellant's tendered reckless homicide instruction? We answer the fourth and fifth issues affirmatively and the others negatively and, therefore, affirm Appellant's conviction.

## FACTS

The evidence at trial most favorable to the State shows that on the evening of November 27, 1993, Appellant and his friends, Rodney and Steve Brooks, followed the victim, Leslie Woodson, and his friends, Sergio Martinez and Eli Medina, to the home of Martinez. The two groups of friends were arguing over gang affiliations. Once at the house, Rodney Brooks and Appellant stood in the street while Woodson and Martinez's sister, Julia Martinez, stood on the porch. Appellant shot Woodson. Sergio Martinez watched the incident from inside the house through a window. Additional facts will be set forth below as necessary.

## DISCUSSION

### I. Jury Selection

 The jury venire was drawn from voter registration lists. Appellant's trial counsel objected to the racial composition of the venire on the grounds that it contained only one female African–American. On appeal, Appellant claims that the trial court erred in overruling his objection and that his right to a fair and impartial jury was violated. Appellant bases his jury selection claim on the Fourteenth and Sixth Amendments to the United States Constitution. We find that a jury venire randomly selected from voter registration lists did not violate Appellant's right to an impartial jury.[1]

 The Fourteenth Amendment right to due process requires that the State satisfy the Sixth Amendment requirement of an impartial jury trial. *Taylor v. Louisiana,* 419 U.S. 522, 526–28, 95 S.Ct. 692, 695–97, 42 L.Ed.2d 690 (1975). The Sixth Amendment guarantees the right to a jury chosen from a representative cross section of the community. *Bradley,* 649 N.E.2d 100; *Taylor v. Louisiana,* 419 U.S. at 528, 95 S.Ct. at 696–97.

"[T]he mere absence of blacks from the venire does not establish a violation of constitutional rights." *Harvey,* 621 N.E.2d at 365. To make a prima facie challenge to a selection process a defendant must meet the *Duren* requirements. *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 587 (1979); *Bradley,* 649 N.E.2d at 104. The requirements are:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren,* 439 U.S. at 364, 99 S.Ct. at 668. Indiana has expressed approval of the proper use of voter registration lists, under *Duren,* for the selection of prospective jurors. *Bradley,* 649 N.E.2d at 103–04.

Clearly, African–Americans constitute a distinctive group in the community. The record contains no evidence, however, that the number of African–American men in the venires from which juries are selected is not proportional to their number in the community in which this case was tried. It simply shows that only one African–American woman was in this particular venire. Additionally, the record contains no evidence of systematic exclusion of African–American men from the jury venire. Thus, the selection of the jury from voter registration lists did not violate the Appellant's Fourteenth and Sixth Amendments right to an impartial jury.

### II. Discovery Order Violation

 Rodney Brooks accompanied Appellant on the evening of the shooting. Brooks testified in statements to police and at his

---

1. Although it is not entirely clear, it appears that Appellant also raises a jury selection claim based on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. When challenging any stage of the jury selection process based on the Equal Protection Clause, purposeful discrimination must be shown. *Bradley v. State,* 649 N.E.2d 100 (Ind.1995); *Batson v. Kentucky,* 476 U.S. 79, 88, 106 S.Ct. 1712, 1718, 90 L.Ed.2d 69, 82, (1986) *modified by Powers v.*

*Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Harvey v. State,* 621 N.E.2d 362 (Ind.Ct.App.1993). Appellant does not make any allegations that county officials, or anyone else, engaged in purposeful discrimination with respect to the jury venire. Moreover, the record contains no evidence to support such an allegation. Thus, there is no indication whatsoever of purposeful discrimination.

deposition that he did not have a gun that evening and that Appellant had fired two shots. At trial, Brooks related a contradictory story. Brooks testified that he did have a gun and fired it before Appellant fired one shot. In response to this change in testimony, the State decided to call a probation officer, Melinda Page. Page could testify that Brooks was willing to perjure himself for Appellant's sake.

Appellant argues that the trial court erred by allowing Page's testimony because the State did not disclose her name until the day of her appearance. The court's discovery order stated:

> The Court being duly advised in the premises now finds that pursuant to local Criminal Rule 13, the State of Indiana is ordered to furnish to Defendant within thirty (30) days from this date [January 14, 1994], the following discovery:

> 1. The names, last known addresses, dates of birth, and social security numbers of persons whom the State intends to call as witnesses . . .

> The Court further finds that the order herein shall be continuing and that respective counsel shall provide discoverable information to opposing counsel promptly, and including, the trial date.

(R. at 28.) The State violated the discovery order by calling Page. Appellant requested that the court not allow Page to testify. Appellant claimed that Brook's testimony did not surprise the State and that the State acted in bad faith since the prosecutor knew that he might need to call Page as a witness a week before the trial. Appellant contends that the trial court erred in ruling otherwise. We find the trial court committed no error by allowing Page's testimony.

▆ The trial court has discretion to appropriately sanction a party for failure to abide by a discovery order. *Carter v. State,* 512 N.E.2d 158, 170 (Ind.1987). Only if the court abuses this discretion will we reverse the court's decision. *Id.*

▆ Indiana Trial Rule 37(B)(2) provides for sanctions for failure to obey a discovery order and applies in criminal cases. IND. TRIAL RULE 37(B)(2); *Glover v. State,* 441 N.E.2d 1360, 1363 (Ind.1982); *Lund v. State,* 264 Ind. 428, 345 N.E.2d 826, 829 (1976). Courts generally remedy a situation where a party fails to disclose a witness by providing a continuance rather than by disallowing the testimony. *Wiseheart v. State,* 491 N.E.2d 985, 988 (Ind.1986); *Lund,* 345 N.E.2d at 829. When determining the proper remedy, a court must focus on whether the State acted in bad faith and whether the testimony will substantially prejudice the defendant. *Carter,* 512 N.E.2d at 170–71; *Wiseheart,* 491 N.E.2d at 988; *Lund,* 345 N.E.2d at 829. Also, a court may consider whether the State is responding to a surprise at trial. *See Gibbs v. State,* 538 N.E.2d 937, 942 (Ind.1989); *Wiseheart,* 491 N.E.2d at 990; *Collins v. State,* 549 N.E.2d 89, 93 (Ind.Ct.App.1990).

The trial court allowed Page's testimony because the court did not find the State acted in bad faith. Rather the court found that Brook's testimony surprised the State and made it necessary for the State to call Page. Before making a final ruling to allow the testimony, the court allowed Appellant's counsel to speak with Page. The court also offered the possibility of a continuance after Page's testimony, if necessary. Additionally, Appellant's trial counsel cross-examined Page. We do not find clear error in the court's finding that the State acted out of genuine surprise. Thus, the court did not abuse its discretion in allowing the testimony.

### III. Defendant's Statements

▆ On the advice of his attorney, Appellant gave two statements to Officer Rogers on November 30, 1993. Prior to trial, Appellant moved to suppress the statements on the grounds that they were not voluntarily given. The motion was denied and both statements were admitted at trial. Appellant challenges the court's finding of voluntariness and the admission of these statements at trial.[2]

---

**2.** Appellant's trial counsel only objected to one of the statements. If a defendant contends that a

court wrongly denied a pre-trial motion to suppress evidence, counsel must object at trial to

A court may not admit involuntarily given statements into evidence. The trial court must make a determination about the voluntariness of a statement by considering the totality of the circumstances. *Warner v. State*, 579 N.E.2d 1307, 1309 (Ind. 1991). The court safeguards that the defendant did not give the confession "through inducement, violence, threats or other improper influences so as to overcome the free will of the accused." *Collins v. State*, 509 N.E.2d 827 (Ind.1987). Promises of leniency render a statement involuntary, but vague statements that the defendant benefits by cooperating and telling the real story do not constitute sufficient promises. *Collins*, 509 N.E.2d at 830. The State must prove the voluntariness of a statement beyond a reasonable doubt. *Johnson v. State*, 513 N.E.2d 650 (Ind.1987).

When reviewing a lower court's determination that a defendant voluntarily gave a statement, this Court must find that the determination clearly appears in the record. *Light v. State*, 547 N.E.2d 1073, 1077 (Ind. 1989). This Court reviews the determination to ensure substantial evidence supported the finding of voluntariness. *Warner*, 579 N.E.2d at 1307; *Collins*, 509 N.E.2d at 831.

The record contains substantial evidence to support the finding that, based on the totality of the circumstances, Appellant voluntarily gave his statements. Appellant willingly gave his statements upon the advice of counsel. Smith testified that he inferred, based on prior experience, that his client would get a lesser charge. Indeed, Smith could not recall if Officer Rogers said Appellant "would" or "could" get a lesser charge. Officer Rogers did, after speaking with the prosecuting attorney, tell Smith that there was a possibility of murder being reduced to voluntary manslaughter, if Appellant cooperated. Officer Rogers made no promise, however, that a lesser charge would be filed. Most importantly, Appellant testified that he was

not promised a lesser charge in return for a statement. Rather, he believed the charge would be criminal recklessness.[3] These facts constitute substantial evidence that the police made statements too vague to constitute promises.

When Judge Scheibenberger denied Appellant's motion to suppress, the court clearly ruled that Appellant voluntarily made the statements. "I'm not going to get into any big explanations or anything. The motion is denied." (R. at 293.) While the trial court should facilitate review in the future with an indication or specific finding of voluntariness, the determination of voluntariness in this case was sufficient based on our review of the record. Thus, the admission of the statements was not erroneous.

## IV. Ineffective Assistance of Counsel

Appellant raises two separate and distinct claims of ineffective assistance of counsel, each of which relate to his pre-trial counsel and his trial counsel, respectively. First, Appellant argues that Smith, his counsel at the interrogation on November 30, 1993, performed ineffectively by failing to get the police to put a promise of a lesser charge in writing. Second, Appellant argues that his trial counsel performed ineffectively because she failed to object when the court admitted one of Appellant's two police statements into evidence. We find that Appellant received effective assistance of counsel.

This Court uses a two part test to determine if counsel performed ineffectively. We must find that 1) counsel performed below the standard of reasonableness under prevailing professional norms, and 2) this deficient performance prejudiced defendant and rendered the trial unfair. *Siglar v. State*, 541 N.E.2d 944, 945 (Ind.1989); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The

preserve the issue on appeal. *Helton v. State*, 539 N.E.2d 956 (Ind.1989). Appellant's claim regarding the statement to which counsel did not object is, thereby, waived. We review the statements together, however, because the trial court did not make separate rulings on each statement at the suppression hearing and because the parties do not clearly distinguish the statements in their briefs.

3. While Appellant's mother implied that an officer may have told her of a lesser charge, she relied on Smith's statements and not police promises.

Court presumes that counsel acted effectively. *Schiro v. State*, 533 N.E.2d 1201, 1206 (Ind.1989). "Isolated bad tactics or inexperience do not necessarily amount to ineffective assistance of counsel." *Id.* at 1206. "Only when a conviction occurs as a result of a breakdown in the adversarial process rendering the trial result unreliable is a defendant denied a fair trial." *Sanchez v. State*, 675 N.E.2d 306, 310 (Ind.1996). If an appellant claims ineffective assistance because counsel failed to object, the appellant must show that the court would have sustained the objection. *Clark*, 561 N.E.2d at 763; *Siglar*, 541 N.E.2d at 947.

■ Smith, counsel to Appellant when Appellant gave his statements to the police, did not perform deficiently. Smith made a reasonable tactical decision to advise Appellant to provide statements. Smith testified at the suppression hearing that he inferred that Appellant would receive a lesser charge for testifying and that he determined Appellant's testimony would not harm him as it tended to show manslaughter. His tactical decision to have his client testify without a written agreement does not arise to the level of deficient performance.

■ Trial counsel did not perform deficiently either. She did fail to object to the admission at trial of one of Appellant's statements. Appellant cannot show, however, that the court would have sustained an objection. The court had previously ruled Appellant's statements admissible at the suppression hearing. Further, trial counsel did object to the admission at trial of the other statement, and the court denied the objection. The court could rightly find, based on the evidence, that Appellant voluntarily gave the statements. Thus, trial counsel's failure to object did not constitute deficient performance.

Even had Smith and trial counsel performed deficiently, which they did not, their performance did not render the trial unfair. There was substantial evidence of Appellant's role in the crime charged. Two witnesses testified that Appellant fired his weapon. One witness testified that she witnessed Appellant shoot the victim. Even without Appellant's statements, the jury could reliably find, based on this evidence, that Appellant murdered the victim.

## V. Sufficiency of the Evidence

■ Appellant claims that the record contained insufficient evidence to support his conviction. Appellant contends that the record contained no evidence that he knowingly or intentionally killed. He also argues that the testimony of two witnesses contradicted their prior testimony and was therefore incredible. At trial, one of these witnesses, Sergio Martinez, testified that Appellant shot his gun. The other, Julia Martinez, testified that she saw Appellant shoot Woodson. We find the record contains evidence sufficient to support Appellant's conviction.

■ "When a defendant challenges the sufficiency of the evidence supporting a conviction, we will affirm the conviction if, considering only probative evidence supporting the verdict, and reasonable inferences therefrom, we conclude that a reasonable trier of fact could find the existence of each and every element of the charged crime exists beyond a reasonable doubt." *Gambill v. State*, 675 N.E.2d 668, 673–74 (Ind.1996). The jury may rely on circumstantial evidence alone to determine if the intent element of a crime exists. *Metzler v. State*, 540 N.E.2d 606, 609 (Ind.1989). The jury has the right to judge the credibility of the witnesses, and we will not reassess their credibility determinations. *Gee v. State*, 526 N.E.2d 1152, 1153 (Ind.1988); *Maynard v. State*, 513 N.E.2d 641, 644 (Ind.1987).

The record contains the testimony of two witnesses that Appellant fired his gun and of one that she witnessed Appellant shooting the victim. The jury could rightfully decide that these witnesses spoke truthfully. The jury could also determine from this evidence, and the evidence that Appellant had followed and argued with the victim, that Appellant knowingly or intentionally shot the victim. This evidence is sufficient to support the conviction.

## VI. Reckless Homicide Instruction

■ Appellant argues that the trial court erred in refusing his tendered reckless homi-

cide instruction. He contends that the evidence in this case supports the giving of a reckless homicide instruction as a lesser included offense of murder. Appellant wholly fails to specify any evidence in the record which would support a reckless homicide instruction. We, therefore, find that the trial court did not err.

 A trial judge must use the *Wright* test to determine whether to allow an instruction on a lesser included offense. *Wright v. State*, 658 N.E.2d 563, 566–67 (Ind. 1995). Where the judge determines that a lesser included offense is inherent in the crime charged, he or she must then determine whether the evidence in the case supports such an instruction. *Id.* at 567. Reckless homicide is an inherent lesser included offense of murder. *Id.*[4] A trial judge may decide, however, that the evidence supports only a self-defense instruction and not a reckless homicide instruction. *Bolin v. State*, 544 N.E.2d 1372, 1374 (Ind.1989); *Macon v. State*, 529 N.E.2d 343, 344 (Ind.1988) *overruled in part on other grounds by* 658 N.E.2d 563, 570.

 "The instruction of the jury is within the discretion of the trial court and it is reviewed only for an abuse of discretion." *Tanner v. State*, 471 N.E.2d 665, 667 (Ind. 1984). When reviewing a judge's refusal of an instruction, the court applies a three part test. "1) whether the instruction correctly states the law; 2) whether there was evidence in the record to support the giving of the instruction; and 3) whether the substance of the tendered instruction is covered by other instructions which are given." *Reinbold v. State*, 555 N.E.2d 463, 466 (Ind. 1990) *overruled in part on other grounds by* 658 N.E.2d 563, 570.

The trial judge acknowledged that reckless homicide is inherently a lesser included offense of murder. He found, however, that the evidence did not support a reckless homicide instruction. The judge found that the evidence supported Appellant's tendered self-defense instruction. The judge, therefore,

held that because the facts pointed toward self-defense, the evidence did not support the reckless homicide instruction also.

On review we apply *Reinbold*. The tendered instruction correctly stated the law, and other instructions did not cover the substance of the tendered instruction. The only remaining issue is whether the record contained evidence to support the giving of the instruction. As stated above, Appellant failed to specify any evidence in the record which would support a reckless homicide instruction. Furthermore, the trial court did not abuse its discretion in deciding that the evidence supported giving only a self-defense instruction and not a reckless homicide instruction also.

### CONCLUSION

The conviction is affirmed in all respects.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

---

4. The difference between the charges is the mens rea element. *Wright*, 658 N.E.2d at 567. "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." I.C. § 35–41–2–2.