Amy SMITH, Appellant–Defendant,

v.

Julie ARCHER and Scott Archer, Appellees–Plaintiffs.

No. 29A02–0403–CV–204.

Court of Appeals of Indiana.

July 27, 2004.

undefinedChristie A. Seifert, Goodin Abernathy & Miller, Indianapolis, IN, Attorney for Appellant.

Darren Wittry, Wittry & Wittry Law Office, Indianapolis, IN, Attorney for Appellees.

## OPINION

BARNES, Judge.

### Case Summary

Amy Smith appeals the trial court's imposition of sanctions for purportedly violating the Alternative Dispute Resolution ("ADR") rules in connection with a court-ordered mediation session. We reverse.

### Issue

The sole issue is whether the trial court abused its discretion in imposing sanctions.

### Facts

On May 16, 2001, Julie and Scott Archer sued Smith for personal injury and property damages caused by Smith when she drove her car into the front of the Archers' home. The property damage claim was later resolved. The Archers, however, continued to pursue personal injury damages arising from the home's front door landing on Julie.

Counsel for the Archers demanded $50,000 from Smith's insurer, State Farm, in order to settle the case, which represented the limits of State Farm's policy on Smith. State Farm responded with an offer of $7,600. The trial court subsequently ordered the parties to participate in mediation, which took place on November 5, 2002. Smith did not appear at the mediation, but her attorney and an adjuster for State Farm did. The parties differ as to precisely what transpired at the mediation. The Archers maintain that they opened by repeating their demand for $50,000, and counsel for Smith made no counteroffer. Counsel for Smith maintains that the Archers' opening offer was $47,500, and she responded with a final offer of $10,000 after conferring with the State Farm adjuster. The parties agree that counsel for Smith and the adjuster mentioned during mediation their desire to depose an orthodontist who had treated

Julie for an alleged accident-related condition.

The mediation ended with no settlement. The Archers subsequently filed a motion for costs, attorney fees, and a second mediation conference, alleging that Smith/State Farm had failed to abide by the ADR rules because Smith failed to appear at the mediation, and because State Farm and Smith's attorney failed to negotiate in good faith. On December 30, 2003, the trial court granted the Archers' motion. Smith filed a motion to correct error, which the trial court denied on February 2, 2004. Smith now appeals.

### Analysis

We review a case involving a sanction against one party made at the request of the opposing party for an abuse of discretion. *Stoehr v. Yost*, 765 N.E.2d 684, 686 (Ind.Ct.App.2002), *trans. denied.* "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Id.*

We begin by observing that on appeal, the Archers disclaim any notion that they sought sanctions because Smith, through State Farm, failed to negotiate in good faith, as reflected by the amount of State Farm's monetary offers to settle at mediation. This is a wise position, as this court has previously held that disputes between the parties as to the value of a claim will not support a finding of "bad faith" negotiation to support an award of ADR sanctions in the absence of evidence of "dishonest purpose or moral obliquity." *Id.* at 690; *see also State v. Carter*, 658 N.E.2d 618, 621–22 (Ind.Ct.App.1995). There is no such evidence in this case.

However, where a trial court does not enter findings in support of a decision, as was the case here, we examine the record and will affirm the judgment if it can be sustained upon any legal theory supported by the evidence. *See Harrison v. Thomas*, 761 N.E.2d 816, 819 (Ind.2002), *trans. denied.* The Archers contend that Smith was properly sanctioned solely on the basis that she failed to appear at the mediation conference. ADR Rule 2.7(B)(2) states, "[a]ll parties . . . shall be present at each mediation conference to facilitate settlement of a dispute unless excused by the court." The trial court did not excuse Smith from attending, and its order for mediation repeated ADR Rule 2.7(B)(2) verbatim. ADR Rule 2.10 provides, "[u]pon motion by either party and hearing, the court may impose sanctions against any attorney, or party representative who fails to comply with these mediation rules, limited to assessment of mediation costs and/or attorney fees relevant to the process."

Strictly and technically speaking, Smith violated an ADR rule and was subject to being sanctioned for doing so.[1] Clearly, however, the mediation ordered in this case concerned negotiations and potential settlement with an insurance company, i.e. State Farm. The Archers have never demanded more than the limits of the State Farm policy, even though State Farm is not a "party" in this case. If there was some indication here that the Archers intended to pursue settlement of more than $50,000, then Smith's presence at the mediation obviously would have been more necessary. That was not the case. Because it was State Farm, not Smith, who

---

1. We note that ADR Rule 2.10 allows sanctions to be imposed "against an attorney, or party representative. . . ." The sanctions here were imposed against Smith personally. We need not decide today whether it was appropriate to order sanctions against a party, rather than an attorney or party "representative."

would be liable for any payment amount of $50,000 or less, it made perfect sense that Smith herself would not appear at the mediation and that a representative of State Farm would; ultimately, it was State Farm's decision whether to settle within the limits of its policy. Smith's non-appearance at the mediation may have technically violated the ADR rules, but the Archers fail to demonstrate how her non-appearance had any impact on the mediation process. Additionally, we note that counsel for the Archers admitted at the hearing on the motion for sanctions that "the practice is, Defendants typically don't show up" at mediation conferences such as this. Tr. p. 11. Finally, Smith notes that Scott Archer did not appear at the mediation, which also is a technical violation of ADR Rule 2.7(B)(2) because he is a party to this action.

ADR Rule 2.10 provides that a court "may" impose sanctions for a violation of the ADR rules, not that it "shall" impose sanctions for any violation. We conclude this choice of words clearly indicates that not every single technical violation of the ADR rules automatically warrants sanctions. Our supreme court has said in the context of sanctions for discovery violations that although "sanctions for failure to comply with discovery are within the trial court's discretion, the primary factors which a trial court should examine are whether the breach was intentional or in bad faith and whether substantial prejudice has resulted." *Wiseheart v. State*, 491 N.E.2d 985, 988 (Ind.1986). The court went on to state, "[t]o prevent elevating form over substance it is necessary that the trial judge determine more than the existence of a violation." *Id.; see also Glover v. State*, 441 N.E.2d 1360, 1363

(Ind.1982) (stating "[s]anctions for failure to comply with a discovery request are discretionary, not mandatory.").

Although the comments in *Wiseheart* were made in the context of discovery sanctions against a criminal defendant and resolution of the case ultimately turned on application of the Sixth Amendment, we believe the general observations regarding the appropriateness of sanctioning a party for technically violating a court rule should also apply when considering sanctions under the ADR rules. That is, "to prevent elevating form over substance," before sanctioning a party for violating an ADR rule, trial courts should examine not only whether a rule violation has occurred, but also whether the violation was intentional or in bad faith and whether it resulted in prejudice to the party moving for sanctions. *See Wiseheart*, 491 N.E.2d at 988. If the party moving for sanctions fails to demonstrate that the rule was intentionally violated for the purpose of disrupting the mediation process, or that the party or the mediation process itself was prejudiced as a result of the violation, no sanctions should be ordered.

Here, the Archers have not demonstrated that Smith's failure to appear at the mediation conference was intentionally designed to disrupt the mediation process, nor that her absence had any effect on the mediation process. As noted, the Archers have never sought to recover more than the limits of the State Farm policy. A State Farm adjuster and Smith's attorney (presumably hired by State Farm) were present at the conference.[2] The Archers' attorney admitted that the common practice is for individual defendants not to appear at conferences such as this and

---

**2.** On appeal, the Archers make no argument that the adjuster lacked adequate settlement authority.

that he does not ordinarily challenge this practice, thus indicating a lack of bad faith or intentional misconduct on the part of Smith or her attorney. Finally, the Archers have not demonstrated how Smith's presence at the conference would have facilitated the mediation process. They contend there is a potential that if this case is tried, a jury might return a verdict in excess of State Farm's $50,000 policy limit for which Smith personally would be liable. They fail to explain, however, why this fact standing alone would have required Smith's personal attendance at a mediation conference where the Archers repeated their earlier settlement demand of the State Farm policy limit of $50,000' or a slightly lower amount, $47,500. It was up to State Farm whether to settle within the limits of its policy, subject to a potential bad faith lawsuit against it by Smith if it failed to settle and a trial resulted in a verdict in excess of the policy limits. *See Economy Fire & Cas. Co. v. Collins*, 643 N.E.2d 382, 385–86 (Ind.Ct.App.1994), *trans. denied.* In sum, although a court "may" impose sanctions for violating an ADR rule, in this case the decision to do so' was clearly against the logic and effect of the facts and circumstances before the court because there is no indication of intentional misconduct by Smith or her attorney or prejudice to the Archers or the mediation process. Therefore, the order imposing sanctions against Smith was an abuse of discretion.

### Conclusion

The trial court abused its discretion in sanctioning Smith for failing to appear at the mediation conference. We reverse.

Reversed.

CRONE, J., and BAKER, J., concur.