DAVID, Justice,
concurring in part and dissenting in part.
I concur in that portion of the majority opinion reversing dismissal of this case pursuant to the Indiana Rules' of Trial Procedure. I agree that it was an abuse of discretion to dismiss the case entirely under the circumstances presented here. I also concur that a formulaic adherence to the factors from Wiseheart v. State, 491 N.E.2d 985 (Ind.1986), diminishes the discretionary authority of the trial court judge to manage and maintain the dignity, business, and process of the court.
Nevertheless, I cannot concur with the subsequent reversal of the trial court’s decision to exclude Wright’s expert witness. Without seeking to enter the unsettled arena of whether such an expert witness is required in this type of case, I not only believe the exclusion was an appropriate exercise of the trial court’s discretion here, but I struggle to find a more appropriate sanction with which the trial court could have enforced its discovery deadlines and orders when Wright repeatedly failed to include Dr. Nash on her witness lists, filed those witness lists late (along with other delayed filings), and then failed to meet a discovery deadline that had already been extended at her request.
While this may not have prejudiced Dr. Miller to the point th.at dismissal of the action entirely was appropriate, to me it demonstrates a patterned lack of regard for the Trial Rules and the trial court’s authority, much less the successful pursuit of Wright’s own case. Accordingly, I would find no abuse of discretion in striking Wright’s expert witness and therefore respectfully dissent.