**Shannon LYTTLE, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 71S00–9705–CR–334.**

Supreme Court of Indiana.

April 16, 1999.

Michael Rehak, South Bend, Indiana, Attorney for Appellant.

Jeffrey Modisett, Attorney General of Indiana, Rachel Zaffrann, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SELBY, J.

Shannon Lyttle was convicted of murder and sentenced to a term of fifty-five (55) years. The sole issue on appeal is whether the trial court erred by refusing to give a jury instruction on reckless homicide.

*Factual and Procedural Background*

On September 9, 1995, Lyttle was at the house of Josephine Flores, drinking beer and smoking "weed" with Reynaldo Torres, Angel Torres, Richard Mesaros, Jose Lugo, David Frohwerk, and John Autrey. Several of these men left the vicinity of the house, and approached Matthew Blankenship and his younger brother, Brian, who had just made a phone call from the corner phone booth. A dispute arose regarding Matthew's cigarettes, and a small scuffle ensued. Matthew and Brian returned to their father's residence.

About ten minutes later, Matthew and his father, James Blankenship, approached the Flores' residence. James was holding a bat. Lyttle left the Flores' residence and approached the Blankenships. Lyttle exchanged words with James, grabbed the bat from James, and began to attack James with the bat. The scene soon became chaotic, as multiple participants joined the scuffle. One assailant started to fight with Matthew. Others tried to throw objects at James. The mother of Reynaldo and Angel Torres attempted to prevent them from joining the scuffle by holding them at bay with a broom. Multiple witnesses testified that Lyttle hit

James repeatedly with the bat, ten or more times while James was still standing, and then again when James had fallen. One witness described Lyttle's beating, analogizing Lyttle to a baseball player swinging at a baseball with a bat. Some witnesses also testified that Lyttle, in addition to repeatedly hitting James with a bat, kicked James when James fell to the ground. The attack on James ended when James lay motionless on the ground.

Some witnesses testified that James was struck by a cinder block thrown by another participant in the scuffle. Some witnesses testified that James was struck by a bottle. Autrey took the bat, rode off on a bicycle, and threw the bat in a river. Lyttle left the scene in his car. When the police arrived on the scene, they found James Blankenship lying motionless in the street with blood on his head.

James Blankenship died of multiple blunt trauma wounds to the head. Dr. Hoover, the doctor who performed the autopsy on James, testified that any of the blunt trauma wounds could have been the cause of death. He testified further that either a bat, cinder block, bottle, or even a shoe could have caused any of the trauma wounds. While he believed that some injuries were more likely to have been caused by certain instruments than others, he could not determine with exact certainty which instrument caused each wound.

## Discussion

■ Lyttle's sole issue on appeal is whether the court erred in denying the requested reckless homicide instruction. He claims that the evidence supports such an instruction. Because the defendant did not identify a serious evidentiary dispute to support a reckless homicide instruction, we will review this refusal for an abuse of discretion.[1] *See Brown v. State,* 703 N.E.2d 1010, 1019 (Ind.

1998). In the alternative, Lyttle urges this Court to adopt the position that where the only difference between a greater and lesser offense is the degree of culpability, the judge should always give both instructions and allow the jury to determine culpability. We do not believe that the evidence supports a reckless homicide instruction and we decline defendant's invitation to adopt a new rule.

■ A defendant's request for a jury instruction on a lesser included offense is scrutinized by the trial court according to the three-part test enunciated in *Wright v. State,* 658 N.E.2d 563, 566–67 (Ind.1995). The first step in this test asks whether the lesser included offense is inherently included in the offense charged. *Id.* at 566. An offense is inherently included in the greater offense if the only difference between the two is the level of culpability, or mens rea, required for the offense. *Id.* If the lesser offense is not inherently included in the greater, step two is employed. Step two asks whether the lesser offense is factually included in the greater offense. *Id.* at 567. Step three is used for both inherently and factually included offenses, and directs the trial court to look at the evidence presented at trial and decide if it supports the requested instruction. *Id.*

■ Starting with step one of the *Wright* test, we ask whether reckless homicide, the requested lesser included offense, is an inherently included lesser offense of murder, the crime charged. It has been clearly established that reckless homicide is an inherently included offense of murder. *See Horan v. State,* 682 N.E.2d 502, 508 (Ind.1997); *Fields v. State,* 679 N.E.2d 1315, 1322 (Ind. 1997); *Wright v. State,* 658 N.E.2d at 567. Reckless homicide is the reckless killing of another. Ind.Code § 35–42–1–5 (1998). Murder is the intentional or knowing killing of another. Ind.Code § 35–42–1–1(1) (1998). Reckless homicide requires a reckless mens

---

1. In *Brown v. State,* 703 N.E.2d 1010, 1019 (Ind. 1998), we stated that in order to encourage a complete and thorough review of the evidence by the trial judge, a defendant must point to the evidence in the record supporting the proffered instruction. Only where the defendant meets this burden is the trial court's obligation to place its *Wright* findings on record triggered. *Id.* at 1019. Where the defendant does not point to

evidence in the record, it is assumed that the trial court properly applied the *Wright* test, and we review the instruction refusal for an abuse of discretion. *Id.* at 1020. In the present case, Lyttle's attorney simply stated that "[t]he defendant's position is that there was sufficient evidence during the course of the trial to warrant a giving of that included offense instruction." (R. at 658.)

rea, and murder requires a knowing or intentional mens rea. The only difference between the two is the mens rea element.

Because reckless homicide is inherently included in murder, we go directly to step three of the *Wright* test, and ask whether the evidence raises a serious evidentiary dispute warranting an instruction on reckless homicide. If the killing was by a knowing or intentional act, the defendant has committed the crime of murder. Ind.Code § 35–42–1–1(1) (1998). In Lyttle's case, the State charged Lyttle with a knowing murder. According to the law, to act knowingly is to be aware of the high probability of the consequences of the act. Ind.Code § 35–42–2–2(b) (1998). Therefore, to kill knowingly is to engage in conduct with an awareness that the conduct has a high probability of resulting in death. *See Horan v. State*, 682 N.E.2d at 508. On the other hand, if the killing was accomplished by a reckless act, the defendant has committed reckless homicide. Ind.Code § 35–42–1–5 (1998). To act recklessly is to act with a plain, conscious, and unjustifiable disregard of harm that might result and is a substantial deviation from accepted standards of conduct. Ind.Code § 35–41–2–2(c) (1998).

Lyttle does not dispute, and the evidence was overwhelming that he struck James repeatedly with the bat. Therefore, the question before the trial court was whether Lyttle could have struck James several times with a bat without an awareness that this act had a high probability of killing James.

The trial court was confronted with a similar situation in *Horan v. State*, 682 N.E.2d 502 (Ind.1997). Horan, like Lyttle, requested an instruction on reckless homicide. The facts in *Horan* were similar to the facts in this case. The defendant in *Horan* repeatedly kicked and punched the victim, even returning at a later time to hit and kick the victim again. *Id.* at 505–06. The trial court denied the requested instruction on reckless homicide. When Horan challenged this denial, we found that it was proper because the conduct of the defendant was so extreme and the beatings so severe that "the jury could not conclude that the lesser offense was committed but not the greater." *Id.* at 508. We found that Horan could not have engaged in this conduct without an awareness that this conduct could result in death. *Id.*

Lyttle, like Horan, severely beat the victim. Testimony established that Lyttle struck James with a bat approximately ten times while James was standing, and again while James was lying on the ground. Josephine Flores, the mother of Angel and Reynaldo Torres, when asked to describe the way James was struck by Lyttle, stated: "You know, like you play baseball. You know, you hold a bat and you beating up on somebody [sic]." (R. at 347.) We do not believe that Lyttle, by repeatedly hitting James with a bat, could have acted without an awareness of the high probability that this conduct could result in death. As in *Horan*, we do not believe that a jury could have found Lyttle guilty of the lesser included offense without also finding him guilty of the greater. The trial court did not abuse its discretion by denying the requested reckless homicide instruction.

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.