Jimmie E. JONES, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–1008–CR–935.

Court of Appeals of Indiana.

May 23, 2011.

Transfer Granted Aug. 18, 2011.

Lawrence M. Hansen, Hansen Law Firm, LLC, Noblesville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Jimmie E. Jones, Jr. ("Jones") appeals

his conviction for Murder, a felony.[1] We affirm.

## Issue

Jones presents a single issue for review: whether the trial court abused its discretion by refusing Jones's tendered instructions on Reckless Homicide and Involuntary Manslaughter.

## Facts and Procedural History

On October 1, 2009, the body of Andrew Takash, Jr. ("Takash") was discovered in his Hamilton County home. The autopsy revealed that Takash had been dead for a few days. He had been asphyxiated; in particular, his injuries were consistent with manual strangulation. Takash's money and his vehicle, a 2008 silver Chevrolet Cobalt, were missing.

Carmen Sprinkle ("Sprinkle"), one of Takash's neighbors, reported to investigating officers that her roommate, Jones, was also missing. Sprinkle had last seen Jones at approximately 11:00 p.m. on September 28, 2009. At that time, Jones had been standing in his yard smoking and leaning over bushes to look toward Takash's residence. Sprinkle advised officers that Jones had relatives in Kokomo.

On October 2, 2009, Takash's vehicle was located in a Meijer parking lot in Kokomo. Video surveillance indicated that a white male in a gray hooded sweatshirt, jeans, and dark colored shoes had parked and exited the vehicle at approximately 11:57 a.m. on October 1, 2009. Jones was soon apprehended on a Kokomo street corner, wearing a gray hooded sweatshirt, jeans, and dark colored shoes.

Jones was charged with Murder, Auto Theft, and Theft. The State also alleged him to be a habitual offender. On June 28, 2010, Jones was brought to trial before a jury. Jones was convicted as charged and admitted that he is a habitual offender. He was sentenced to ninety-eight years imprisonment.[2] This appeal ensued.

## Discussion and Decision

 Jones testified at trial and admitted that he had killed Takash by exerting pressure on his neck. However, he denied that he intended to kill Takash. According to Jones, he went to Takash's residence to discuss yard work, he commented that Takash needed "to clean up this f-ing pig sty" and Takash struck him on the side of the head. (Tr. 506.) Jones testified that he intended only to subdue Takash and render him unconscious because Takash did not desist from the attack. Accordingly, Jones's theory of defense was self-defense.[3] Nonetheless, he now argues that the jury, if properly instructed, could have found that he intended only to batter Takash, who died during the commission of that battery, or that he recklessly killed Takash, but did not do so knowingly.

In *Wright v. State*, 658 N.E.2d 563 (Ind. 1995), our Indiana Supreme Court set forth the proper analysis to determine when a trial court should, upon request, instruct the jury on a lesser included offense of the crime charged. The analysis contains three steps: (1) a determination of whether the lesser included offense is

---

1. Ind.Code § 35–42–1–1. Jones does not specifically challenge his convictions for Auto Theft, Indiana Code § 35–43–4–2.5, and Theft, Indiana Code § 35–43–4–2, or his adjudication as a habitual offender, Indiana Code § 35–50–2–8.

2. Jones was sentenced to sixty-five years for murder, enhanced by thirty years due to his habitual offender status. He received a consecutive sentence of three years for Auto Theft, and a concurrent sentence of three years for Theft, resulting in an aggregate sentence of ninety-eight years.

3. The jury was instructed on self-defense.

inherently included in the crime charged; if not, (2) a determination of whether the lesser included offense is factually included in the crime charged; and, if either, (3) a determination of whether a serious evidentiary dispute exists whereby the jury could conclude the lesser offense was committed but not the greater. *Id.* at 566–67. If the third step is reached and answered in the affirmative, the requested instruction should be given on the inherently or factually included lesser offense. *Horan v. State,* 682 N.E.2d 502, 506 (Ind.1997).

▮ An offense is an inherently included offense if (1) the alleged lesser included offense may be established by proof of the same material elements or less than all the material elements defining the crime charged, or (2) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense. *Id.*

▮ Reckless Homicide is the reckless killing of another. Ind.Code § 35–42–1–5. Murder is the intentional or knowing killing of another. Ind.Code § 35–42–1–1. Reckless Homicide requires a reckless mens rea, while Murder requires a knowing or intentional mens rea. *Lyttle v. State,* 709 N.E.2d 1, 2 (Ind.1999). The only difference between the two is the mens rea element. *Id.* Thus, Reckless Homicide is an inherently included offense of Murder. *Fields v. State,* 679 N.E.2d 1315, 1322 (Ind.1997). The decision to give or refuse the instruction necessarily turned upon the existence or absence of a serious evidentiary dispute. A serious evidentiary dispute exists where the jury can conclude that the lesser offense was committed and the greater offense was not. *Chanley v. State,* 583 N.E.2d 126, 130 (Ind. 1991).

▮ In refusing Jones's tendered instructions, the trial court made the following statement:

The Court is not reading the lesser included in involuntary manslaughter or purported lesser included in involuntary manslaughter and reckless homicide because the Court does not believe that those lesser includeds [sic] have been supported by the evidence that's before the Court at this time.

(Tr. 619.) Where such a factual finding is made on the existence or lack of a serious evidentiary dispute, in deference to the trial court's proximity to the evidence, we review the trial court's decision for an abuse of discretion. *Champlain v. State,* 681 N.E.2d 696, 700 (Ind.1997).

In *Horan,* the appellant appealed the denial of a Reckless Homicide instruction. The facts of the case were that Horan repeatedly kicked and punched the victim, even returning at a later time to hit and kick the victim again. 682 N.E.2d at 505–06. Our Indiana Supreme Court found that the denial of a Reckless Homicide instruction was proper because the conduct of the defendant was so extreme and the beatings so severe that "the jury could not conclude that the lesser offense was committed but not the greater." *Id.* at 508. The Court determined that Horan could not have engaged in this conduct without an awareness that the conduct could result in death. *Id.*

Subsequently, in *Lyttle,* the appellant also claimed that the trial court had erroneously refused to give a Reckless Homicide instruction. The Court noted that there was "overwhelming" evidence that the defendant had repeatedly struck his victim with a bat. *Lyttle,* 709 N.E.2d at 3. Consistent with Horan, the Lyttle Court determined that the defendant could not have engaged in the conduct of repeatedly striking his victim with a bat without an

awareness that the conduct could result in death. *Id.* As the jury could not have found Lyttle guilty of the lesser included offense without also finding him guilty of the greater, the trial court did not abuse its discretion by denying the requested reckless homicide instruction. *Id.*

In this case, the evidence showed that Jones, who outweighed Takash by about fifty pounds, pushed Takash to the floor. Jones then punched him in the chest twice to "get [the] wind out of him." (Tr. 512.) Jones placed his hands on Takash's neck in an effort "to render him unconscious." (Tr. 514.) Jones "readjusted" his hands to a place higher under Takash's chin and "leaned up into it" with his weight. (Tr. 514.) According to Jones, he "let go" and "there was blood visible on [Takash's] lips." (Tr. 515.) Air bubbles then passed through the blood as Jones removed his hands.

Expert testimony indicated that Takash would have lost consciousness after ten to fifteen seconds, but he would have died only after an additional period of oxygen deprivation, up to two minutes. By Jones's own admission, he applied his body as a pressure weight until Takash was unconscious and he let go only when blood and air bubbles were expressed through Takash's mouth. Upon observing Takash's nonresponsive state, Jones did not summon help or attempt to revive Takash but rather took his money and vehicle and fled.

■ One "knowingly" kills when he is "aware of a high probability" that his conduct might kill. *Etienne v. State,* 716 N.E.2d 457, 463 (Ind.1999). Here, as in *Horan* and *Lyttle,* the protracted nature of the conduct is such that Jones could not

have been without an awareness that his actions could result in Takash's death. The trial court did not abuse its discretion by finding no serious evidentiary dispute; the Reckless Homicide instruction was properly refused.

■ Involuntary Manslaughter occurs if a person kills another human being while committing or attempting to commit battery. Ind.Code § 35–42–1–4.[4] Murder requires at the minimum a killing committed by a perpetrator who engaged in the killing with an awareness of a high probability that he was doing so. *Erlewein v. State,* 775 N.E.2d 712, 714 (Ind.Ct.App. 2002), *trans. denied.* "Involuntary manslaughter is not an inherently included lesser offense of murder." *Evans v. State,* 727 N.E.2d 1072, 1081 (Ind.2000).

It is a "factually included" lesser offense if the charging instrument alleges that a battery accomplished the killing. *Id.* Here, the information alleged only that "on or about September 29, 2009 Jimmie Ernest Jones Jr. did knowingly kill another human being, to wit: Andrew Takash Jr." (App.26.)

Although the State cannot draft an information that forecloses an instruction on an inherently lesser included offense of the crime charged, the State may foreclose instruction on a lesser offense that is not inherently included in the crime charged by omitting from a charging instrument factual allegations sufficient to charge the lesser offense. *Wright,* 658 N.E.2d at 569–70. *See also Jones v. State,* 438 N.E.2d 972, 975 (Ind.1982) (observing that absolute discretion rests in the State to determine the crime(s) charged and that the State can through drafting foreclose to

4. Battery is a knowing or intentional touching of another person in a rude, insolent, or angry manner. Ind.Code § 35–42–2–1.

the defendant a tactical opportunity to seek a conviction for a lesser offense).

Jones was charged with knowingly killing Takash. The information did not assert a battery. In these circumstances, Involuntary Manslaughter was not a factually included lesser offense of Murder. *Cf., Roberts v. State,* 894 N.E.2d 1018, 1029 (Ind.Ct.App.2008) (although the method of murder was choking and suffocation, it was within the State's discretion to draft the charging information with no reference to a battery, foreclosing the opportunity for Roberts to seek a conviction on a lesser offense), *trans. denied.*

### Conclusion

Jones has demonstrated no abuse of the trial court's discretion in the instruction of the jury.

Affirmed.

RILEY, J., and BARNES, J., concur.