ATTORNEY FOR APPELLANT
Lawrence M. Hansen
Noblesville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Andrew Kobe
Deputy Attorneys General
Indianapolis, Indiana



## In the
## Indiana Supreme Court

No. 29S02-1108-CR-511

JIMMIE E. JONES, JR.,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Hamilton Superior Court, No. 29D02-0910-MR-237
The Honorable Daniel J. Pfleging, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 29A02-1008-CR-935

**March 19, 2012**

**Sullivan, Justice.**

Jimmie E. Jones, Jr., was charged with the murder of Andrew Takash, Jr. Ind. Code § 35-42-1-1(1) (2008). At trial, Jones tendered instructions on reckless homicide and involuntary manslaughter as lesser included offenses to the murder charge. The trial court refused Jones's

instructions, finding that those lesser included offenses were not supported by the evidence.  A jury later found Jones guilty of murder.[1]

On appeal, Jones disputed that his tendered instructions were not supported by the evidence.  For its part, the State argued that (1) the evidence did not support a reckless homicide instruction and (2) the charging information for the murder count foreclosed an involuntary manslaughter instruction.

The Court of Appeals agreed with the State.  It first outlined the three-step test from Wright v. State, 658 N.E.2d 563 (Ind. 1995), for determining when a trial court should, upon request, instruct the jury on a lesser included offense of the crime charged.  Under that test, it held that although reckless homicide is an inherently included offense of murder, Jones v. State, 948 N.E.2d 1197, 1200 (Ind. Ct. App. 2011), the evidence reflected that the trial court had not abused its discretion by finding no serious evidentiary dispute, id. at 1201.  Judge Bailey, writing for the court, compared the evidence in this case to that in Horan v. State, 682 N.E.2d 502 (Ind. 1997), and Lyttle v. State, 709 N.E.2d 1 (Ind. 1999):

> In this case, the evidence showed that Jones, who outweighed Takash by about fifty pounds, pushed Takash to the floor.  Jones then punched him in the chest twice to "get [the] wind out of him."  Jones placed his hands on Takash's neck in an effort "to render him unconscious."  Jones "readjusted" his hands to a place higher under Takash's chin and "leaned up into it" with his weight.  According to Jones, he "let go" and "there was blood visible on [Takash's] lips."  Air bubbles then passed through the blood as Jones removed his hands.
>
> Expert testimony indicated that Takash would have lost consciousness after ten to fifteen seconds, but he would have died only after an additional period of oxygen deprivation, up to two minutes.  By Jones's own admission, he applied his body as a pressure weight until Takash was unconscious and he let go only when blood and air bubbles were expressed through Takash's mouth.  Upon observing Takash's nonresponsive state, Jones did not summon help or attempt to revive Takash but rather took his money and vehicle and fled.

---

[1] Jones was also charged with and convicted of auto theft, Ind. Code § 35-43-4-2.5 (2008), and theft, Ind. Code § 35-43-4-2 (Supp. 2011).  The State further alleged him to be a habitual offender, Ind. Code § 35-50-2-8 (2008).  Jones has not presented any arguments on appeal with regard to these convictions or his adjudication as a habitual offender.

2

One "knowingly" kills when he is "aware of a high probability" that his conduct might kill. Here, as in <u>Horan</u> and <u>Lyttle</u>, the protracted nature of the conduct is such that Jones could not have been without an awareness that his actions could result in Takash's death. The trial court did not abuse its discretion by finding no serious evidentiary dispute; the Reckless Homicide instruction was properly refused.

<u>Jones</u>, 948 N.E.2d at 1201 (alterations in original) (internal citations omitted).

With regard to the involuntary manslaughter instruction, the court recognized that although the State cannot foreclose through its drafting of the charging information an instruction on an inherently lesser included offense, it may foreclose an instruction on a factually lesser included offense. <u>Id.</u> It held that the State did precisely that in this case by omitting from Jones's charging information any reference to a battery. <u>Id.</u> at 1202.

We agree with Judge Bailey's analysis and the result reached by the Court of Appeals. Having previously granted transfer, we now adopt the court's opinion in full. Ind. Appellate Rule 58(A)(1).

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Rucker, and David, JJ., concur.